607 N.W.2d 248 (2000)
2000 ND 50
In the Interest of K.M.G.
K.M.G., David E. Braaten, Guardian Ad Litem for K.M.G., Grand Forks County Social Service Board, Assignee for S.J.N., and S.J.N., Plaintiffs and Appellees,
v.
J.G., Jr., Defendant and Appellant.
No. 990298.
Supreme Court of North Dakota.
March 21, 2000.
*249 Kipton R. Van Voorhis of Spaeth, Thelen, Van Voorhis & Jasmer, Grand Forks, for defendant and appellant; submitted on brief.
Steven J. Simonson of Omdahl Law Office, Grand Forks, for plaintiffs and appellees; submitted on brief.
NEUMANN, Justice.
[¶ 1] J.G. appeals from the district court's order denying his motion to change custody. We affirm.
[¶ 2] K.M.G. was born on July 24, 1997, and is the minor child of J.G. ("the father") and S.J.N. ("the mother"). The father was sixteen years of age, and the mother was fifteen years of age when K.M.G. was born. On January 28, 1998, the district court awarded the mother custody of K.M.G., with the father receiving reasonable visitation. In March 1998, the mother developed a relationship with another person and moved out of a living relationship with the father. The mother also became pregnant again with the new person's child. On April 22, 1999, the father moved to change custody under N.D.C.C. § 14-09-06.6(3)(c). On June 16, 1999, the district *250 court found the father had established a prima facie case to justify an evidentiary hearing. After the hearing, the district court denied the father's motion. The father appeals.
[¶ 3] The father argues the district court erred by not determining significant changes in circumstances existed requiring a change in custody. We disagree.
[¶ 4] In Mosbrucker v. Mosbrucker, we explained our general analysis of custody modifications. 1997 ND 72, 562 N.W.2d 390.
A trial court's decision to modify custody is a finding of fact subject to the "clearly erroneous" standard of review. Johnson v. Schlotman, 502 N.W.2d 831, 833 (N.D.1993). A finding of fact is clearly erroneous if there is no evidence to support it, if it is clear to the reviewing court that a mistake has been made, or if the finding is induced by an erroneous view of the law. In re Estate of Dittus, 497 N.W.2d 415, 418 (N.D.1993); Rule 52(a), N.D.R.Civ.P.
A court's analysis in considering whether to modify custody differs from its analysis when awarding original custody. Delzer v. Winn, 491 N.W.2d 741, 743 (N.D.1992). For a determination of an original custody award, only the best interests of the child are considered. N.D.C.C. § 14-09-06.1; Ternes v. Ternes, 555 N.W.2d 355, 357 (N.D.1996). But, when a party is seeking to modify a custody arrangement, a court applies a two step process. Hagel v. Hagel, 512 N.W.2d 465, 467 (N.D.1994). A trial court must determine: 1) Whether there has been a significant change of circumstances following the divorce and custody determination, and; 2) Whether the changes of circumstances effect the child in such an adverse way that it compels or requires a change in the existing custody arrangement to further the best interests of the child. Id. at 467; Schlotman, 502 N.W.2d at 834; Delzer, 491 N.W.2d at 743; Blotske v. Leidholm, 487 N.W.2d 607, 609 (N.D.1992). The burden of proving these two elements is on the moving party. Hagel, 512 N.W.2d at 467. Not every change in circumstances will amount to a "significant change" warranting a change or modification of custody. Ludwig v. Burchill, 481 N.W.2d 464, 469 (N.D.1992) (Levine, J., concurring specially).
Id. at ¶¶ 5-6.
[¶ 5] However, section 14-09-06.6, N.D.C.C., has limited the permitted bases for custody modifications within two years of the initial custody order. Here, the initial custody order was issued on January 28, 1998, and the father moved to change custody on April 22, 1999. Section 14-09-06.6, N.D.C.C., therefore applies. Section 14-09-06.6, N.D.C.C., provides:
14-09-06.6. Limitations on post-judgment custody modifications.
....
4. A party seeking modification of a custody order shall serve and file moving papers and supporting affidavits and shall give notice to the other party to the proceeding who may serve and file a response and opposing affidavits. The court shall consider the motion on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a prima facie case justifying a modification. If a prima facie case is established, the court shall set a date for an evidentiary hearing.
5. The court may not modify a prior custody order within the two-year period following the date of entry of an order establishing custody unless the court finds the modification is necessary to serve the best interest of the child and:
a. The persistent and willful denial or interference with visitation;
b. The child's present environment may endanger the child's physical or emotional health or impair the child's emotional development; or *251 c. The primary physical care of the child has changed to the other parent for longer than six months.
....
8. Upon a motion to modify custody under this section, the burden of proof is on the moving party.
[¶ 6] On the limited record available, the district court did not err by finding the father failed to meet his burden. There was conflicting evidence concerning whether the father and his parents were K.M.G.'s primary physical care providers for six months, and whether the mother's living environment and second pregnancy have had an adverse impact on K.M.G. After hearing testimony from each party, the district court resolved the conflicts in favor of the mother. The district court's opportunity to observe the witnesses and determine credibility should be given great deference. Urlaub v. Urlaub, 325 N.W.2d 234, 236 (N.D.1982).
[¶ 7] Although the district court applied the pre-hearing procedure under N.D.C.C. § 14-09-06.6(4), its final ruling after hearing analyzed this case under the general two-step analysis instead of applying the more vigorous requirements of N.D.C.C. § 14-09-06.6(5). See Hagel v. Hagel, 512 N.W.2d 465, 467-68 (N.D.1994) (explaining the two-step analysis). However, we will not set aside a correct result merely because the district court assigned an incorrect reason if the result is the same under the correct law and reasoning. State Bank & Trust of Kenmare v. Brekke, 1999 ND 212, ¶ 8, 602 N.W.2d 681. There is evidence supporting the district court's determination under either the caselaw standard or the statutory standard, and we are not left with a definite and firm conviction a mistake has been made. See Kaler v. Kraemer, 1999 ND 237, ¶ 18, 603 N.W.2d 698. The district court did not err by denying the motion to modify custody.
[¶ 8] The district court's order is affirmed.
[¶ 9] GERALD W. VANDE WALLE, C.J., and MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.