2000 ND 101

STATE of North Dakota, COUNTY OF CASS, ex rel. D.D., and A.K.-D., a minor child, by and through his guardian ad litem.

**D.D., Plaintiff and Appellant,**

**v.**

**G.K., Defendant and Appellee.**

No. 990352.

Supreme Court of North Dakota.

May 25, 2000.

C. Charles Chinquist, Fargo, N.D., for plaintiff and appellant.

William Kirschner of Kirschner Law Office, Fargo, N.D., for defendant and appellee.

NEUMANN, Justice.

[¶ 1] D.D. appeals from the district court's judgments and orders denying her motion to change custody, denying her motion for a new trial, and excluding an affidavit. We affirm.

[¶ 2] A.K.-D. ("the child") was born on March 15, 1991. The parents never married. D.D. ("the mother") had permanent custody from the child's birth until September 8, 1997, when G.K. ("the father") was granted permanent custody. The father previously had temporary custody during two separate periods while the mother was incarcerated. Following the change of custody, the mother had the child medically evaluated. Dr. Wendy L. Ward, a pediatric psychologist, diagnosed the child as having Attention Deficit Hyperactivity Disorder ("ADHD"), inattentive subtype. In February 1999, the mother moved for a change in custody back to her, alleging a significant change of circumstances.

[¶ 3] On June 30, 1999, and July 6, 1999, the district court held hearings. The mother attempted to introduce the affidavit of another parent whose child had ADHD and attended the same school. The district court excluded the affidavit. On July 6, 1999, the district court denied the motion to change custody. The moth-

er moved for a new trial under Rule 59, N.D.R.Civ.P., arguing (1) the district court's finding that the psychologists disagreed over the child's ADHD diagnosis was not supported by the record, and (2) new evidence existed consisting of the child's visual examination results. That examination was performed before the July 6, 1999, hearing, but the results were not available until after the hearing. On September 1, 1999, the district court denied the motion for a new trial. The district court entered judgment on November 4, 1999. The mother appeals.

[¶ 4] The mother argues the district court erred by denying her motion to change custody. We disagree. A district court's custody modification decision is a finding of fact subject to a clearly erroneous standard of review. *Interest of K.M.G.*, 2000 ND 50, ¶ 4, 607 N.W.2d 248. A finding of fact is clearly erroneous if there is no evidence to support it, if it is clear to the reviewing court that a mistake has been made, or if the finding is induced by an erroneous view of the law. *Id.* at ¶ 4; Rule 52(a), N.D.R.Civ.P.

[¶ 5] The district court incorrectly made its finding under the significant or material change in circumstances analysis found in N.D.C.C. § 14–09–06.6(6), rather than applying the more rigorous requirements of N.D.C.C. § 14–09–06.6(1)–(5). *See Interest of K.M.G.*, at ¶¶ 4–5. Section 14–09–06.6(1)–(5), N.D.C.C., limits the permissible bases for custody modifications brought or made within two years after a custody determination. Subsections (1)-(5) apply in this case because a custody determination was made in September 1997, and the mother moved for modification in February 1999. The legislature enacted more rigorous requirements for motions brought less than two years after a determination to allow "something of a moratorium for the family" during the two-year period after a custody determination. *See Hearing on S.B. 2167 Before the Judiciary Committee,* 55th N.D. Legis. Sess. (January 21, 1997) (testimony of Sherry Mills Moore, Chair of the Family Law Task Force). This statutory public policy is clearly contradicted by allowing modification hearings to take place before the two-year period has expired, unless prima facie proof of a statutory exception has been demonstrated. The district court erred by incorrectly applying N.D.C.C. § 14–09–06.6, but no objection was raised by either party.

[¶ 6] On appeal, the mother now asserts this Court should remand for a determination under N.D.C.C. § 14–09–06.6(1)–(5) or, in the alternative, find the statute is satisfied. This Court does not consider arguments raised for the first time on appeal. *Messer v. Bender,* 1997 ND 103, ¶ 10, 564 N.W.2d 291. Moreover, a remand is unnecessary in this case because the district court has already denied her motion under the less stringent standard found in N.D.C.C. § 14–09–06.6(6). We will not set aside a correct result merely because an incorrect, more relaxed standard was applied, if the result is the same under the correct law and reasoning. *State Bank & Trust of Kenmare v. Brekke,* 1999 ND 212, ¶ 8, 602 N.W.2d 681. There is evidence supporting the district court's judgment, and we are not convinced a mistake has been made. *See Interest of K.M.G.*, at ¶ 4. The district court did not err by denying the motion to change custody. *See id.* at ¶ 4. Rule 52(a), N.D.R.Civ.P.

[¶ 7] The mother also argues the district court erred by (1) excluding, as not relevant, the affidavit of another parent whose child with ADHD attended the same school, and had problems until transferring schools and taking the prescription drug Ritalin; (2) finding the psychologists disagreed over the child's ADHD diagnosis; and (3) denying introduction of the child's visual examination results as new evidence.

[¶ 8] We will not address these arguments because even if such evidence had been admitted the mother still would not

have satisfied the more rigorous requirements of N.D.C.C. § 14–09–06.6(1)–(5) for *a motion to modify custody brought within two years of a custody determination.*

[¶ 9] The district court's judgments and orders denying the motion to change custody, denying the motion for a new trial, and excluding an affidavit are affirmed.

[¶ 10] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, DALE V. SANDSTROM, JJ., concur.