2003 ND 20

**Keith Brian HANSON, Plaintiff and Appellee,**

v.

**Jennifer Elaine HANSON, n/k/a Jennifer Elaine Engels, Defendant and Appellant.**

No. 20020175.

Supreme Court of North Dakota.

Feb. 19, 2003.

Joanne H. Ottmar, Ottmar & Ottmar, Jamestown, ND, for defendant and appellant.

Scott A. Griffeth, Griffeth Law Office, West Fargo, ND, for plaintiff and appellee.

MARING, Justice.

[¶ 1]  Appellee, Keith Hanson, and Appellant, Jennifer Engels, formerly known as Jennifer Hanson, were married on October 18, 1997.  The couple have two children, ages four and five.  During the marriage, the couple and their children resided on a farm approximately 14 miles east of Sheyenne, North Dakota.  Keith was employed as a farmer in his family's farming operation, while Jennifer was a stay-at-home mother.

[¶ 2]  In August 2000, Keith began divorce and child custody proceedings.  The parties stipulated to interim shared custody of the children.  The custody hearing was held on June 5 and 7, 2001, with both parties requesting custody of the children.  At the time of the hearing, Keith was still residing in the family farmhouse and employed as a farmer.  Jennifer was residing in an apartment in New Rockford, North Dakota.  She was employed by Painet Digital Stock working regular business hours.  In its Memorandum Opinion, issued on December 3, 2001, and its Findings of Fact, Conclusions of Law and Order for Judgment, issued on February 26, 2002, the trial court evaluated what was in the children's best interests.  To do so, it

considered the 13–factor best interests test set forth in N.D.C.C. § 14–09–06.2. The court found most of the factors to favor neither party; however, it did find that the factor regarding fitness of the parents and mental health issues favored Keith. It awarded the parties joint legal custody with physical custody awarded to Keith. Jennifer was provided extensive visitation rights, including one night a week (not to be overnight), every other weekend, alternating holidays, and one week during the Christmas holidays. In addition, Jennifer was awarded visitation from mid-May to mid-September because Keith, as a farmer, worked very long hours in the spring and fall. During those months, Keith was to have visitation one night a week (not to be overnight) and one weekend per month in June, July, and August. Judgment was entered February 26, 2002.

[¶ 3] On March 11, 2002, Jennifer made a motion to change custody pursuant to N.D.R.Civ.P. 59(j) and a motion to modify the judgment under N.D.C.C. § 14–09–06.6. She contended custody should be changed to her because the children's living environment with Keith could endanger their emotional health and could impair their emotional development. Keith filed a response to the motions, but did not file any opposing affidavits. The trial court granted Jennifer an evidentiary hearing, which was held on April 16, 2002. At the time of the hearing, Keith was still living in the family farmhouse near Sheyenne, but he had given up his farming operation and, instead, was employed as a mechanic in Lakota, North Dakota. Jennifer had moved into a three-bedroom home in New Rockford and was still employed at Painet Digital Stock. At the evidentiary hearing, Jennifer argued that because Keith had switched his employment from Sheyenne to Lakota, the children were having to get up earlier each morning to travel and, therefore, they were sleep-deprived and were getting sick more often. Also, she claimed that since the initial custody hearing, there had been two incidents of domestic violence. Jennifer argued that since the initial hearing, the children had exhibited a number of behaviors and symptoms which showed the custodial arrangement was not emotionally healthy for them. On May 8, 2002, the trial court entered an order denying Jennifer's motions, finding there was no showing that the environment of the children endangered or impaired their health or development.

[¶ 4] Jennifer appeals from the trial court's order denying her motions to modify the custodial arrangement. She claims that in denying her motions, the trial court did not fully consider all of the evidence, namely, the fact that Keith had changed occupations since the custody determination and Jennifer's allegations of domestic violence.

I

[¶ 5] Rule 59(j), N.D.R.Civ.P., allows a party to file a motion to alter or amend a judgment within 15 days after notice of entry of the judgment. A trial court's decision on a Rule 59(j) motion will not be reversed absent an abuse of discretion. *See Dinger v. Strata Corp.*, 2000 ND 41, ¶ 12, 607 N.W.2d 886. A trial court abuses its discretion when it acts arbitrarily, capriciously, unreasonably, or when it misinterprets or misapplies the law. *See id.* This Court has stated:

Unlike a N.D.R.Civ.P. 59(b) motion for a new trial, a N.D.R.Civ.P. 59(j) motion to alter or amend a judgment does not usually request a reexamination of issues of fact. Rather, a motion to alter or amend "may be used to ask the court to reconsider its judgment and correct errors of law."

*Interest of N.C.C.*, 2000 ND 129, ¶ 12, 612 N.W.2d 561 (quoting 47 Am.Jur.2d *Judgments* § 743 (1995 & Supp.1999)). The rule may also, in some circumstances, be used as "a vehicle to present newly discovered evidence that was unavailable previously." 47 Am.Jur.2d, *supra* § 743. However, a Rule 59 motion "is not tailored to meet circumstances unique to custodial placement." *Lovin v. Lovin*, 1997 ND 55, ¶ 14, 561 N.W.2d 612. If new evidence should arise or if circumstances should change, a trial court has continuing jurisdiction to modify custody under N.D.C.C. §§ 14–05–22 and 14–09–06.6. A Rule 59(j) motion to alter or amend is not the appropriate vehicle to move for a change of custody once the judgment has been entered. Rather, a motion to modify custody is properly brought under N.D.C.C. § 14–09–06.6. *Cf. Lovin*, at ¶ 13 (finding that a Rule 59(b) motion for a new trial was inappropriate and that the trial court should have instead evaluated the case pursuant to N.D.C.C. § 14–09–06.6 since the "fundamental differences between the two procedures mandate use of the modification procedure after entry of the judgment making the original custody placement").

## II

[¶ 6] Section 14–09–06.6(1)–(5), N.D.C.C., "limits the permissible bases for custody modifications brought or made within two years after a custody determination." *State ex rel. D.D. v. G.K.*, 2000 ND 101, ¶ 5, 611 N.W.2d 179. Our Court has explained, "[t]he legislature enacted more rigorous requirements for motions brought less than two years after a determination to allow 'something of a moratorium for the family' during the two-year period after a custody determination." *Id.* (citing *Hearing on S.B. 2167 Before the Judiciary Comm.*, 55th N.D. Legis. Sess. (Jan. 21, 1997) (testimony of Sherry Mills Moore, Chair of the Family Law Task Force)). Under N.D.C.C. § 14–09–06.6(5):

The court may not modify a prior custody order within the two-year period following the date of entry of an order establishing custody unless the court finds the modification is necessary to serve the best interest of the child and:

    a. The persistent and willful denial or interference with visitation;

    b. The child's present environment may endanger the child's physical or emotional health or impair the child's emotional development; or

    c. The primary physical care of the child has changed to the other parent for longer than six months.

[¶ 7] Jennifer brought her motion for modification less than one month after the original custody order was entered; therefore, N.D.C.C. § 14–09–06.6 applies. Jennifer asserted that under subsection (5)(b), the children's present environment may endanger their physical or emotional health or impair their emotional development.

[¶ 8] A trial court's decision to modify custody is a finding of fact which will not be overturned unless it is clearly erroneous. *See In re K.M.G.*, 2000 ND 50, ¶ 4, 607 N.W.2d 248. A finding of fact is clearly erroneous if there is no evidence to support it, if it is clear to the reviewing court that a mistake has been made, or if the finding is induced by an erroneous view of the law. *See id.*

[¶ 9] In its order denying Jennifer's motion to amend the custody judgment, the trial court applied N.D.C.C. § 14–09–06.6(5) and found:

The parties have engaged in two physical altercations, at least one of which took place after the Court issued its Memorandum Opinion and before the entry of judgment. The Court finds

that both parties took physical action against each other and are both at fault in these altercations. The Court also finds that there has been no showing that the present environment of the children endangers or impairs their health or development.

[¶ 10] There is no indication that the trial court's decision was clearly erroneous. At the evidentiary hearing, the court had an opportunity to hear from both parties and several witnesses. As to the children's emotional well-being, Jennifer and her witnesses, who included her mother, her grandmother, and her sister, testified that the five-year-old had "regressed" and had become more "frustrated" and "aggressive" since Keith was awarded custody. Likewise, they testified that the four-year-old had become more emotional and had wet her pants three times since the initial custody decision. Keith and his witness, his mother, testified that they had not seen any major differences in the temperaments of the children and that the children were reacting as children do when dealing with the divorce of their parents. As to the incidents of domestic violence, both parties admitted the fights took place, but testified the other party was the aggressor. Likewise, both Keith and Jennifer claimed they were physically injured by the other during the fights.

[¶ 11] A trial court's "opportunity to observe the witnesses and determine credibility should be given great deference." *K.M.G.*, 2000 ND 50, ¶ 6, 607 N.W.2d 248. In this case, the trial court heard testimony from both parties, weighed the credibility of the witnesses, applied the correct law, and resolved the conflict in favor of Keith. The trial court's decision was not clearly erroneous.

### III

[¶ 12] Jennifer moved to strike portions of Keith's brief on appeal. She asserts Keith included facts in his appellate brief that were not a part of the record. She requests costs be awarded for the expense of bringing the motion to strike those statements from the brief.

[¶ 13] Under N.D.R.App.P. 28(e), "[b]riefs must contain references to the page of the appendix where the part of the record relied on appears...." In his response to the motion to strike, Keith's attorney agreed that the statements in question were facts that were not in the record. Therefore, a violation of Rule 28(e) has occurred. *See Hurt v. Freeland*, 1997 ND 194, ¶ 10, 569 N.W.2d 266. "Inappropriate attempts to supplement the evidentiary record at the appellate level cannot be condoned." *Van Dyke v. Van Dyke*, 538 N.W.2d 197, 203 (N.D.1995).

[¶ 14] Rule 13, N.D.R.App.P., provides: "The supreme court may take any appropriate action against any person failing to perform an act required by the rules or required by court order." This rule is used as an enforcement tool to encourage compliance with the North Dakota Rules of Appellate Procedure. *See City of Fargo v. Wonder*, 2002 ND 142, ¶ 27, 651 N.W.2d 665. "The determination whether to administer sanctions under Rule 13 for noncompliance with the Rules of Appellate Procedure lies wholly within the discretion of this Court." *Id.* (citations omitted). We assess sanctions in order to encourage respect for and compliance with the appellate rules and have done so on several previous occasions. *See id.; City of Valley City v. Stuart*, 1999 ND 210, ¶ 2, 606 N.W.2d 137; *Community Nat'l Bank of Grand Forks v. Husain*, 1999 ND 201, ¶ 14, 600 N.W.2d 886; *Hurt*, 1997 ND 194, ¶ 15, 569 N.W.2d 266; *Van Dyke*, 538 N.W.2d at 203.

[¶ 15] Keith has agreed to striking the statements in question. We impose costs against Keith's attorney in the amount of $100.00 payable to Jennifer as a partial reimbursement for attorney's fees incurred in preparing the motion to strike.

[¶ 16] The trial court's order denying the motions to modify custody is affirmed.

[¶ 17] GERALD W. VANDEWALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, and CAROL RON-NING KAPSNER, JJ., concur.