2012 ND 228

**Richie FONDER, Plaintiff and Appellant**

v.

**Bobbi FONDER, Defendant and Appellee.**

**No. 20120134.**

Supreme Court of North Dakota.

Oct. 23, 2012.

Paul M. Probst, Minot, N.D., for plaintiff and appellant.

Jennifer M. Stanley, Minot, N.D., for defendant and appellee.

MARING, Justice.

[¶ 1] Richie Fonder appeals from a judgment awarding him and Bobbi Fonder equal primary residential responsibility [1] of the parties' three minor children and an order denying his motion under N.D.R.Civ.P. 59(j) for reconsideration. We conclude the trial court did not abuse its discretion in denying the Rule 59(j) motion and did not clearly err in awarding equal primary residential responsibility to him and Bobbi Fonder. Therefore, we affirm.

I

[¶ 2] Richie Fonder and Bobbi Fonder were married on September 28, 1996. The parties have three children together and both live in the Minot, North Dakota, area.

[¶ 3] In May 2008, the parties separated and mutually agreed to share primary residential responsibility, with the children spending alternating weeks with each parent. On August 11, 2008, Richie Fonder brought a divorce action seeking primary residential responsibility of the children. At an interim hearing, the trial court continued the shared parenting arrangement until it could make a final primary residential responsibility determination.

[¶ 4] Since the parties' separation, Richie Fonder has remained in the marital home. Bobbi Fonder moved into a shelter for one month following the separation. She then lived with her sister for several months. Since the fall of 2008, she has lived with her boyfriend near Minot, North Dakota.

[¶ 5] A two-day trial was held in January 2010. During the trial, both parties made allegations regarding the illegal drug use by the other parent. Richie Fonder and Bobbi Fonder both admitted to having used illegal drugs in the past; however, both denied currently using illegal drugs.

[¶ 6] On August 11, 2011, the trial court issued its findings of fact, conclusions of law, order for judgment, and judgment. The trial court applied N.D.C.C. § 14–09–06.2, as amended effective August 1, 2009, in reaching its decision. The trial court found factors (a), (b), (c), (d), (e), (f), (g), (h), and (k) weighed equally among each parent while factors (i), (j), (*l*), and (m)

1. Effective August 1, 2009, the North Dakota Legislative Assembly amended N.D.C.C. § 14–09–06.2(1). *See* N.D. Sess. Laws ch. 149, § 5. Although this action commenced before the 2009 amendments to N.D.C.C. § 14–09–06.2

and "joint physical custody" would be the proper terminology, for purposes of continuity, we will use "primary residential responsibility."

were inapplicable. The trial court awarded the parties equal primary residential responsibility.

[¶ 7] Richie Fonder moved to amend the judgment under N.D.R.Civ.P. 59(j), arguing the trial court applied the incorrect version of N.D.C.C. § 14–09–06.2, as amended effective August 1, 2009, to a divorce action commenced in 2008. The trial court denied the motion concluding that, although it had improperly applied the post-amendment version of the statute, its findings of fact and conclusions of law remained the same applying the appropriate version of N.D.C.C. § 14–09–06.2. Richie Fonder appeals, arguing the trial court's decision awarding him and Bobbi Fonder equal primary residential responsibility was clearly erroneous because (1) the trial court applied the incorrect version of N.D.C.C. § 14–09–06.2(1) and, therefore, abused its discretion in denying his Rule 59(j) motion; and (2) the trial court's findings of fact do not support that an award of equal primary residential responsibility is in the children's best interest.

## II

[¶ 8] A trial court must award primary residential responsibility according to the best interests and welfare of the children. *Doll v. Doll*, 2011 ND 24, ¶ 7, 794 N.W.2d 425. In deciding the children's best interests, the trial court must consider all relevant factors specified in N.D.C.C. § 14–09–06.2(1). *Id.* Furthermore, the trial court should consider the best interest factors, under N.D.C.C. § 14–09–06.2, in effect when the divorce and custody action commences. *Sorenson v. Slater*, 2010 ND 146, ¶ 11, 786 N.W.2d 739; *Freed v. Freed*, 454 N.W.2d 516, 518 n. 1 (N.D.1990). At the time this divorce action commenced, N.D.C.C. § 14–09–06.2(1) provided:

a. The love, affection, and other emotional ties existing between the parents and child.

b. The capacity and disposition of the parents to give the child love, affection, and guidance and to continue the education of the child.

c. The disposition of the parents to provide the child with food, clothing, medical care, or other remedial care recognized and permitted under the laws of this state in lieu of medical care, and other material needs.

d. The length of time the child has lived in a stable satisfactory environment and the desirability of maintaining continuity.

e. The permanence, as a family unit, of the existing or proposed custodial home.

f. The moral fitness of the parents.

g. The mental and physical health of the parents.

h. The home, school, and community records of the child.

i. The reasonable preference of the child, if the court deems the child to be of sufficient intelligence, understanding, and experience to express a preference.

j. Evidence of domestic violence. . . .

k. The interaction and interrelationship, or the potential for interaction and interrelationship, of the child with any person who resides in, is present, or frequents the household of a parent and who may significantly affect the child's best interests. The court shall consider that person's history of inflicting, or tendency to inflict, physical harm, bodily injury, assault, or the fear of physical harm, bodily injury, or assault, on other persons.

l. The making of false allegations not made in good faith, by one parent against the other, of harm to a child as defined in section 50–25.1–02.

m. Any other factors considered by the court to be relevant to a particular child custody dispute.

### A

[¶ 9] Richie Fonder argues the trial court erred by applying the post-amendment version of N.D.C.C. § 14–09–06.2[2] to this case, which commenced before the enactment of the 2009 amendments and, therefore, abused its discretion by denying his Rule 59(j) motion. We disagree.

[¶ 10] Rule 59(j), N.D.R.Civ.P., allows a party to move to alter or amend a judgment. *Hanson v. Hanson*, 2003 ND 20, ¶ 5, 656 N.W.2d 656. A Rule 59(j) motion should not be used as a means for the trial court to reconsider evidence already presented, but rather as a means to correct errors of law. *Id.* Furthermore, we will not reverse a trial court's decision on a Rule 59(j) motion absent an abuse of discretion. *Id.* "A trial court abuses its discretion when it acts arbitrarily, capriciously, unreasonably, or when it misinterprets or misapplies the law." *Id.*

[¶ 11] A trial court has broad discretion in awarding primary residential responsibility. *Peek v. Berning*, 2001 ND 34, ¶ 6, 622 N.W.2d 186; *Wolt v. Wolt*, 2010 ND 26, ¶ 9, 778 N.W.2d 786; *Doll*, 2011 ND 24, ¶ 8, 794 N.W.2d 425. Although the trial court must consider each best interest factor under N.D.C.C. § 14–09–06.2, "a separate finding is not required

2. Effective August 1, 2009, N.D.C.C. § 14–09–06.2(1) provides:

a. The love, affection, and other emotional ties existing between the parents and child and the ability of each parent to provide the child with nurture, love, affection, and guidance.

b. The ability of each parent to assure that the child receives adequate food, clothing, shelter, medical care, and a safe environment.

c. The child's developmental needs and the ability of each parent to meet those needs, both in the present and in the future.

d. The sufficiency and stability of each parent's home environment, the impact of extended family, the length of time the child has lived in each parent's home, and the desirability of maintaining continuity in the child's home and community.

e. The willingness and ability of each parent to facilitate and encourage a close and continuing relationship between the other parent and the child.

f. The moral fitness of the parents, as that fitness impacts the child.

g. The mental and physical health of the parents, as that health impacts the child.

h. The home, school, and community records of the child and the potential effect of any change.

i. If the court finds by clear and convincing evidence that a child is of sufficient maturity to make a sound judgment, the court may give substantial weight to the preference of the mature child....

j. Evidence of domestic violence....

k. The interaction and interrelationship, or the potential for interaction and interrelationship, of the child with any person who resides in, is present, or frequents the household of a parent and who may significantly affect the child's best interests. The court shall consider that person's history of inflicting, or tendency to inflict, physical harm, bodily injury, assault, or the fear of physical harm, bodily injury, or assault, on other persons.

l. The making of false allegations not made in good faith, by one parent against the other, of harm to a child as defined in section 50–25.1–02.

m. Any other factors considered by the court to be relevant to a particular parental rights and responsibilities dispute.

for each factor." *Peek*, at ¶ 6. The trial court need only consider all of the best interest factors and make findings with sufficient specificity to enable our Court to understand the basis for its decisions. *Id.*

[¶ 12] Richie Fonder commenced this divorce in August 2008. He correctly argues the pre-amended version of N.D.C.C. § 14–09–06.2 applies to this case. *See Sorenson*, 2010 ND 146, ¶ 11, 786 N.W.2d 739 (holding the best interest factors in effect when the divorce and custody action commences are dispositive); *Freed*, 454 N.W.2d at 518 n. 1 (holding the same). However, the trial court did not abuse its discretion in denying Richie Fonder's Rule 59(j) motion.

[¶ 13] The 2009 amendments to N.D.C.C. § 14–09–06.2 clarified and restructured the best interest factors. *See* 2009 N.D. Sess. Laws ch. 149, § 5. The requirements and purpose of the best interest factors remained consistent. *See id.* The only new factor the trial court had contemplated under its initial decision was factor (e). However, factor (e) now requires the trial court to consider "the willingness and ability of each parent to facilitate and encourage a close and continuing relationship between the other parent and child." N.D.C.C. § 14–09–06.2 (2009).

[¶ 14] In considering Richie Fonder's Rule 59(j), N.D.R.Civ.P., motion, the trial court acknowledged it should have applied the statutory factors in effect when the action commenced. The trial court noted it had "evaluated and scrutinized those findings as they would relate to the listed statutory factors both before and after the amendments. Having done so, the Court finds that no change is required in the outcome ordered by the Court." The trial court recognized that, although this language was not included in the pre-amended version of N.D.C.C. § 14–09–06.2, those facts could be considered under factor (m),

it is relevant in any primary residential responsibility determination, and especially important when equal primary residential responsibility is awarded.

[¶ 15] Ultimately, the trial court's conclusion that the record continues to support the findings of fact and conclusions of law is not arbitrary, capricious, or unreasonable. The trial court's error in applying the post-amendment version of N.D.C.C. § 14–09–06.2 was cured when it reconsidered its findings under the appropriate version. Therefore, the trial court did not abuse its discretion by denying Richie Fonder's Rule 59(j) motion.

### B

[¶ 16] Richie Fonder argues the trial court clearly erred in concluding an award of equal primary residential responsibility is in the children's best interest. A trial court's award of primary residential responsibility is a finding of fact that this Court will not reverse on appeal unless it is clearly erroneous. *Doll*, 2011 ND 24, ¶ 6, 794 N.W.2d 425. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or, although there is some evidence to support it, on the entire record, we are left with a definite and firm conviction a mistake has been made." *Id.*

### 1

[¶ 17] Richie Fonder argues the trial court erred by finding factors (a), (b), (d), and (e) favored neither party. We disagree. The trial court made specific findings for each of the factors under N.D.C.C. § 14–09–06.2. The record supports the trial court's findings, and we will not reexamine the same.

[¶ 18] Under factor (a), the trial court found Richie Fonder had a stronger relationship with the youngest child and

the youngest child is "sometimes [ ] slighted in the area of attention by his mother." The trial court also found Bobbi Fonder spends time with her children and effectively balances her time with the children, employment, and other family members. The trial court noted concern with Bobbi Fonder's illegal drug use. Nonetheless, based on all the evidence, the trial court found factor (a) weighed equally for both parties. The record supports the trial court's findings.

[¶ 19] Under factor (b), the trial court found no evidence existed, "except for a few minor hiccups in daily care, that showed either parent to be lacking in their abilities to make sure that each child receives food, clothing, shelter, medical care, and a safe environment." The trial court considered the "allegations that the significant other, currently in Bobbi's household, . . . has a history of violence toward women," but found it to be "unsubstantiated and not credible." Based on the evidence presented, the trial court concluded factor (b) weighed equally between the parties. The record supports the trial court's findings, and it did not err in deciding factor (b) favored neither parent.

[¶ 20] Under factor (d), the trial court found each home to be a stable environment. The trial court found, despite Bobbi Fonder's environment being smaller and less convenient due to its location, it is still a stable home. Furthermore, the trial court determined the extended family members on both sides contribute to the stability of the children's home life. Therefore, the trial court found this factor to be neutral. The record supports the trial court's findings.

[¶ 21] Under factor (e), the trial court found to some extent Richie Fonder is the better parent. The trial court found he makes his children a priority in his life.

However, the trial court also found Bobbi Fonder makes the children a priority but manages to find a balance between the children and her social life. Based on these findings, the trial court concluded the factor weighed equally, and we conclude the record supports a finding that factor (e) weighs equally between the parties.

2

[¶ 22] Richie Fonder argues the trial court erred by not explicitly stating it found that awarding equal primary residential responsibility was in the children's best interests. We disagree.

[¶ 23] Generally, it is not in the children's best interests to rotate between parents in an equal primary residential responsibility arrangement. *Peek*, 2001 ND 34, ¶ 19, 622 N.W.2d 186 (citing *Kasprowicz v. Kasprowicz*, 1998 ND 68, ¶ 15, 575 N.W.2d 921). However, we do not presume an equal arrangement is clearly erroneous and will affirm the decision if supported by sufficient findings of fact consistent with the children's best interests. *P.A. v. A.H.O.*, 2008 ND 194, ¶ 17, 757 N.W.2d 58.

[¶ 24] In *P.A.*, the record established both parents loved the child, were disposed to contribute to the child's well-being, had strong extended family presence, and had maintained a healthy equal custody arrangement for some time. 2008 ND 194, ¶ 18, 757 N.W.2d 58. We held that the trial court's findings were sufficient to understand the basis for the court's decision and the equal primary residential responsibility determination was not clearly erroneous. *Id.* at ¶ 20.

[¶ 25] In this case, the trial court made the following, detailed, findings of fact regarding the children's best interests:

(a) ... both parents have the ability [to provide nurture, love, affection, and guidance] and do use the ability for the benefit of their children.

. . . .

(c) ... the needs of the children in this particular case are minimal with regard to anything special, other than the necessity to have two parents who wish to raise their children appropriately. The Court finds such an outcome is possible in this case, and that both parents are needed for that developmental future with all three children.

(d) ... there has been stability in each home environment, even though each home environment is a single parent entity.... There is extended family that participates in each parent's home environment. These family members are loved by the children, and contribute greatly to the stability of the children's home life and the desirability of maintaining continuity in each home.

(e) ... Both parents have stated clearly that the other parent is needed in addressing the best interests of the children. Each parent has explained that the role of the other parent is necessary, and even perhaps critical to the best interests in raising all of their children.... Bobbi clearly has more willingness to facilitate and encourage the relationship between the children and Richie ... Richie [also] does have a willingness and ability to facilitate and encourage the relationship the children should have with Bobbi.

. . . .

(h) ... the children are doing very well in their home, school, and community environment. The parties have been separated for a good deal of time, and have shared custody with a week each of a parenting time.

[¶ 26] The trial court also recognized in its order denying the Rule 59(j) motion that a shared primary residential responsibility arrangement may not always be in the children's best interest. However, the trial court stated such an arrangement is not clearly erroneous, per se, but "the Court must, by its Findings of Fact, support such an outcome as being in the best interest of the children. In this case, the Court did just that, and such is delineated in the Judgment entered on August 11, 2011."

[¶ 27] The trial court's specific findings regarding each best interest factor implicitly state it is in the children's best interest if Richie Fonder and Bobbi Fonder are awarded equal primary residential responsibility. We hold the findings establish the trial court did find equal primary residential responsibility to be in the children's best interest. However, we note it is preferable for a trial court to explicitly state that, after considering all of the best interest factors, the trial court finds equal primary residential responsibility to be in the children's best interest.

[¶ 28] In addition to the best interests analysis, whether the parents can communicate effectively and put aside any personal differences or conflicts should be considered when awarding equal primary residential responsibility. *Peek*, 2001 ND 34, ¶ 22, 622 N.W.2d 186. If evidence establishes each parent has a desire to promote a relationship with the other parent, and can do so effectively, an equal primary residential responsibility arrangement may be appropriate. *P.A.*, 2008 ND 194, ¶ 20, 757 N.W.2d 58.

[¶ 29] Here, the trial court made the following findings regarding the parents' ability to communicate: (1) the parties are able to communicate effectively; (2) each parent has a willingness to facilitate and encourage the relationship the children

512

should have with the other parent; and (3) each parent also understands and appreciates the need for the children to maintain a relationship with both parents.

[¶ 30]   Based on our review of the entire record and the trial court's findings of fact, we conclude the trial court did not clearly err by awarding equal primary residential responsibility.

### III

[¶ 31]   Although it does not affect our decision, we note the trial was held in January 2010, and the trial court did not file the judgment awarding custody until August 2011.   This is more than eighteen months between the trial and the entry of judgment for child custody.   This amount of time is too long for a family to wait for a resolution on any matter, let alone one regarding the care and custody of children. Such a delay in rendering a decision may have significant detrimental effects on a family and is not condoned by this Court.

### IV

[¶ 32]   The trial court did not abuse its discretion in denying the Rule 59(j) motion and did not err in awarding Richie Fonder and Bobbi Fonder equal primary residential responsibility; therefore, we affirm the trial court's judgment.

[¶ 33]   GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS and CAROL RONNING KAPSNER, JJ., concur.

DALE V. SANDSTROM, J., concurs in the result.