2013 ND 32

**In the Interest of S.R.L.**

**Russell James Niffenegger,
Plaintiff and Appellee**

v.

**Nikki LaFromboise, Defendant
and Appellant.**

No. 20120282.

Supreme Court of North Dakota.

Feb. 26, 2013.

Patti Jo Jensen, East Grand Forks, MN, for plaintiff and appellee.

Michael Patrick Hurly, Devils Lake, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Nikki LaFromboise appeals a district court judgment granting LaFrom-

boise and Russell Niffenegger joint residential responsibility of the parties' minor child, S.R.L. We affirm the district court's award of joint residential responsibility, concluding the district court's findings were not clearly erroneous.

## I

[¶ 2] LaFromboise and Niffenegger are the parents of S.R.L., who was born in 2010. LaFromboise and Niffenegger dated briefly but were not married nor lived together. The parties did not date while LaFromboise was pregnant. Niffenegger was present at the hospital for S.R.L.'s birth. LaFromboise and S.R.L. resided at Niffenegger's home for a short period after S.R.L.'s birth. Then, LaFromboise and S.R.L. moved to Devils Lake, North Dakota. Niffenegger maintained his residence in Grand Forks, North Dakota. Niffenegger visited S.R.L. every other weekend. LaFromboise initiated a child support action, and Niffenegger was ordered to pay $362 per month. In June 2011, Niffenegger commenced an action seeking primary residential responsibility of S.R.L. At the time of trial, the parties lived and worked in separate communities ninety miles apart, and LaFromboise maintained primary residential responsibility. The district court held a trial and concluded S.R.L.'s interests were best served by LaFromboise and Niffenegger sharing joint residential responsibility. The district court ordered the parties to alternate custody every other week and provided a detailed parenting plan. LaFromboise appeals, arguing the district court's findings were clearly erroneous and not awarding her primary residential responsibility of S.R.L. was error.

## II

[¶ 3] "This Court reviews an award of primary residential responsibility under the clearly erroneous standard of review, which does not allow us to reweigh the evidence, reassess the credibility of witnesses, or substitute our judgment for a district court's initial decision." *Martire v. Martire*, 2012 ND 197, ¶ 6, 822 N.W.2d 450. "A district court's decision awarding primary residential responsibility is a finding of fact which will not be reversed on appeal unless it is induced by an erroneous view of the law, if no evidence exists to support it, or if on the entire record we are left with a definite and firm conviction a mistake has been made." *Id.*

## III

[¶ 4] LaFromboise argues the district court's award of joint residential responsibility was improper given the distance between her residence in Devils Lake and Niffenegger's residence in Grand Forks. She argues that the award ignores the need for stability in S.R.L.'s life and that shared residential responsibility will be impossible once S.R.L. reaches school age.

[¶ 5] "District courts must award primary residential responsibility of children to the party who will best promote the children's best interests and welfare." *Deyle v. Deyle*, 2012 ND 248, ¶ 5, 825 N.W.2d 245 (quotation omitted). "A district court has broad discretion in awarding primary residential responsibility, but the court must consider all of the *relevant* factors under N.D.C.C. § 14–09–06.2(1)." *Deyle*, at ¶ 5 (quotation omitted) (emphasis added). Here, the district court found factors (e) and (k) favored Niffenegger, factor (d) favored LaFromboise, factors (a), (b), (c) and (g) favored neither party, and factors (f), (h), (i), (j), (*l*) and (m) were irrelevant or inapplicable.

## A

[¶ 6] LaFromboise argues the district court's finding factor (h) of the best inter-

ests factors inapplicable was clearly erroneous. Under factor (h), the district court considers "[t]he home, school, and community records of the child and the potential effect of any change." N.D.C.C. § 14–09–06.2(1)(h). The district court found, "Based upon SRL's age, this factor is not applicable."

[¶ 7] The district court need not consider irrelevant factors. *Deyle*, 2012 ND 248, ¶ 5, 825 N.W.2d 245. A district court need not make separate findings for each factor. *Doll v. Doll*, 2011 ND 24, ¶ 8, 794 N.W.2d 425. However, the court's "findings of fact must be stated with sufficient specificity to enable a reviewing court to understand the factual basis for the court's decision." *Id.* A court's findings regarding one factor may be applicable to another. We explained a district court's findings under factor (d) also may be applicable to factor (h). *Marsden v. Koop*, 2010 ND 196, ¶ 38, 789 N.W.2d 531.

[¶ 8] This issue turns on whether the district court clearly erred by concluding the underlying facts rendered factor (h) inapplicable. S.R.L. was under two years old at the time of trial. She did not attend school in Devils Lake and, beyond her ties to LaFromboise and her maternal family, had no involvement in the community. In its analysis under factor (d), the district court made findings relating to S.R.L.'s relationship with her parents, the impact of extended family and the length of time S.R.L. lived in each parent's home. The district court noted LaFromboise has extended family in the area with ties to S.R.L. and concluded factor (d) favored LaFromboise because she had been the primary residential parent.

[¶ 9] Evidence supports the district court's finding that based upon S.R.L.'s age, factor (h) was inapplicable. Potential change to S.R.L.'s home life was adequately discussed under the district court's fac-

tor (d) analysis. The district court's finding factor (h) inapplicable was based upon sufficient evidence and was not clearly erroneous.

B

[¶ 10] LaFromboise argues the district court clearly erred by failing to give greater weight to the importance of stability in S.R.L.'s life. Under factor (d), the district court considers "[t]he sufficiency and stability of each parent's home environment, the impact of extended family, the length of time the child has lived in each parent's home, and the desirability of maintaining continuity in the child's home and community." N.D.C.C. § 14–09–06.2(1)(d). The district court found factor (d) favored LaFromboise. LaFromboise argues the district court failed to consider the impracticalities of transporting S.R.L. between two cities ninety miles apart on a weekly basis. Niffenegger argues LaFromboise is asking this Court to reweigh the factors already considered by the district court.

[¶ 11] We "will not retry a custody case or substitute our judgment for a district court's initial custody decision merely because we might have reached a different result. This is particularly relevant for custody decisions involving two fit parents." *Deyle*, 2012 ND 248, ¶ 4, 825 N.W.2d 245 (quotation omitted). Moreover, "[a] choice between two permissible views of the weight of the evidence is not clearly erroneous." *Martire*, 2012 ND 197, ¶ 6, 822 N.W.2d 450. We will affirm an award of joint residential responsibility "if supported by sufficient findings of fact consistent with the children's best interests." *Fonder v. Fonder*, 2012 ND 228, ¶ 23, 823 N.W.2d 504.

[¶ 12] Here, the district court correctly considered the stability of S.R.L.'s home environment under factor

(d). We cannot say that the stability of S.R.L.'s home environment should outweigh the love both parties bear for S.R.L., which the district court found under its factor (a) analysis. The district court's findings were supported by the evidence and were not clearly erroneous.

## IV

[¶ 13] LaFromboise argues the district court clearly erred by failing to make a finding that the parties would communicate and cooperate sufficiently to facilitate shared residential responsibility. We have recognized that "shared decision-making authority can be successful only when the parties have demonstrated an ability and willingness to cooperate in the children's best interests." *Martire*, 2012 ND 197, ¶ 18, 822 N.W.2d 450. However, we have not held such a finding is required prior to an award of shared residential responsibility. Indeed, in *Martire*, we affirmed an award of shared residential responsibility where the parents agreed on little and had not demonstrated a willingness to facilitate a continuing relationship between the other parent and the children. *Id.* at ¶ 20. We also affirmed an award of joint residential responsibility where the district court failed to explicitly state that joint residential responsibility was in the children's best interests. *Fonder*, 2012 ND 228, ¶ 30, 823 N.W.2d 504.

[¶ 14] Here, the district court explicitly concluded joint residential responsibility was in S.R.L.'s best interest. As in *Fonder*, the district court found both parties to be good parents with the ability to provide love, affection and guidance to S.R.L. 2012 ND 228, ¶ 25, 823 N.W.2d 504. The district court also found, "Both parties have the ability to make reasoned decisions to meet [the child's] developmental needs now and in the future." While the district court noted under its factor (e)

analysis that both parties are guilty of undermining the other's relationship with S.R.L., testimony established that each party would be able to make joint decisions in the future. LaFromboise testified she and Niffenegger would be able to make decisions together in the future, and Niffenegger testified as to his willingness to cooperate with LaFromboise.

[¶ 15] While a finding of effective communication and cooperation may support an award of joint residential responsibility, it is not required in all cases. Even parents who have been uncooperative in the past may be awarded joint residential responsibility of a child when it is in the child's best interest. *Martire*, 2012 ND 197, ¶ 19, 822 N.W.2d 450. In *Martire*, the district court provided a detailed order implementing joint residential responsibility, which helped mitigate our concern with awarding joint residential responsibility to uncooperative parties. *Id.* In this case, the district court's order provides a detailed description of which decisions are to be shared and which decisions may be made by either party on a daily basis. The order outlines procedures to remedy communication problems which may arise, as well as procedures for dispute resolution. Given this detailed order, as well as the testimony indicating a willingness to cooperate between the parties, we conclude the award of joint residential responsibility did not require an express finding of current cooperation and communication and was not clearly erroneous.

## V

[¶ 16] LaFromboise argues the district court erred by awarding joint residential responsibility because modification of the award is inevitable but will be impossible due to the statutory requirements for modification of an award of primary residential responsibility under N.D.C.C. § 14–09–

06.6. She argues joint residential responsibility will be impractical once S.R.L. reaches school age and neither party will be able to show grounds for modification because of the lack of a material change as required by the statute. We disagree, concluding it was not legal error for the district court to award joint residential responsibility where modification may be necessary.

[¶ 17] Notice of entry of amended judgment was entered on July 23, 2012. No motion for modification may be filed within two years after the date of entry of judgment establishing primary residential responsibility unless the proponent can satisfy the heightened requirements of N.D.C.C. § 14–09–06.6(5). The two-year window in this case will close in July 2014, the same month S.R.L. turns four years old. School attendance is compulsory for any child between the ages of seven and sixteen years. N.D.C.C. § 15.1–20–01(1). A child may not enroll in kindergarten at a public school unless the child is five years old before August 1 of the year of enrollment. N.D.C.C. § 15.1–06–01(1)(b). Therefore, any modification to the award of primary residential responsibility due to S.R.L. reaching school age will occur outside the two-year window.

> "The court may modify the primary residential responsibility after the two-year period following the date of entry of an order establishing primary residential responsibility if the court finds:
>
> (a) On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties; and
>
> (b) The modification is necessary to serve the best interest of the child."

N.D.C.C. § 14–09–06.6(6). LaFromboise argues neither party will be able to show a "material change" to justify modification. She argues the distance between the parties' residences making school attendance impractical for S.R.L. was a fact already known at the time of trial and cannot be a basis for modification.

[¶ 18] "We have defined a material change in circumstances as 'important new facts that were unknown at the time of the initial custody decree.'" *Haroldson v. Haroldson*, 2012 ND 44, ¶ 17, 813 N.W.2d 539 (quoting *In re Thompson*, 2003 ND 61, ¶ 7, 659 N.W.2d 864). In *Haroldson*, we affirmed a district court's finding of a material change in circumstances based on a finding that "all three children were now in school, while only one child was in school when the parties divorced, and [the mother] was now engaged and living with her fiancé." *Id.* at ¶ 4. In *Dufner v. Trottier*, we affirmed a district court's finding of a material change in circumstances based in part on the children's increased time demands for extracurricular activities. 2010 ND 31, ¶ 8, 778 N.W.2d 586. Though we have not held reaching school age alone is a material change in circumstance, it is reasonable to assume a child's mandatory attendance at a public school is equivalent to a child's increased time demands for extracurricular activities. Other courts have held reaching school age may be a material change warranting modification. *See Lewellyn v. Lewellyn*, 351 Ark. 346, 93 S.W.3d 681, 687 (.2002) (holding joint custody no longer practical for school age children with parents living in different cities); *Rinehart v. Barnes*, 819 So.2d 564, 567 (Miss.Ct.App.2002) (affirming trial court's modification of custody based on finding that shared custody between parents of a child of school age living in two states is impractical); *Long v. Dossett*, 732 So.2d 773, 776 (La.Ct.App.1999) (holding child reaching school age rises to a material

change in circumstance); *Claflin v. Giamporcaro,* 75 A.D.3d 778, 779, 904 N.Y.S.2d 580 (2010) (holding inability to effectively co-parent along with child reaching school age and divorce judgment not addressing child's schooling constituted a change in circumstances).

[¶ 19] LaFromboise argues that even if S.R.L. reaching school age is facially a material change, it will not be an important new fact unknown at the time of the initial award of joint residential responsibility. She argues because the district court knew S.R.L. would grow older and reach mandatory school age, it does not constitute an important new fact. We disagree with such an inflexible reading of our law. In *Holtz v. Holtz,* the district court found a material change of circumstances based upon a mother's mental incapacity to develop as her child grew older. 1999 ND 105, ¶ 7, 595 N.W.2d 1. Although the mother's mental abilities had not worsened since the time of the initial custody decree, the daughter's needs changed as she grew older. *Id.* at ¶ 17. We explained, "[E]ven if the trial court in this case knew at the time the divorce decree was entered that [the child's] needs would change as she grew older, we do not believe the trial court was foreclosed from finding a material change of circumstances." *Id.* As in *Holtz,* while the district court in this case knew at the time of the award of residential responsibility that S.R.L.'s needs would change as she grew older, this will not foreclose a district court from finding a material change of circumstances.

[¶ 20] Moreover, LaFromboise's argument assumes no other facts will change from the date of entry of the order awarding joint residential responsibility to when a motion for modification is made. The parties may move, find new employment, develop new relationships or come to a new agreement regarding S.R.L. LaFromboise also fails to acknowledge N.D.C.C. § 14–09–06.6(7), which permits a court to "modify a prior order concerning primary residential responsibility at any time if the court finds a stipulated agreement by the parties to modify the order is in the best interest of the child." Here, the district court appeared to place more importance on each parent developing a close and loving relationship with S.R.L. than on the importance of stability. We cannot say that decision is clearly erroneous, and we conclude it was not legal error for the district court to award joint residential responsibility where modification may be inevitable due to S.R.L. reaching school age.

### VI

[¶ 21] We affirm the district court's judgment awarding LaFromboise and Niffenegger joint residential responsibility.

[¶ 22] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.