# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 179

| | |
|---|---|
| Kathy Schmidt, | Plaintiff and Appellant |
| v. | |
| Margaret Hageness, Patrick Hageness, Patricia Slaubaugh, Bonnie Strand, Elaine Hornaday, and any unknown parties, | Defendants |
| and | |
| Lutheran Social Services (LSS), Guardian of Shirley M. Hageness, Scott Landa Lutheran Social Services, Eryn Jager Lutheran Social Services, Diane Osland Lutheran Social Services, | Defendants and Appellees |

## No. 20220109

Appeal from the District Court of Benson County, Northeast Judicial District, the Honorable Donovan J. Foughty, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Kathy Schmidt, Gilbert, AZ, self-represented, plaintiff and appellant.

Scott J. Landa, Grand Forks, ND, for defendants and appellees Lutheran Social Services as Guardian for S.M.H.; Eryn Jager and Diane Osland.

Lawrence E. King, Bismarck, ND, for defendant and appellee Scott J. Landa.

**Crothers, Justice.**

[¶1]   Kathy Schmidt appeals from an order dismissing her complaint and from two orders denying motions for reconsideration. We affirm.

I

[¶2]   On June 23, 2021, Schmidt commenced a quiet title action covering property located in Benson County, offering a document titled "warranty deed" as evidence of title. The district court granted the defendants' N.D.R.Civ.P. 12(b) motion to dismiss the complaint with prejudice based on lack of standing and res judicata. Schmidt filed two motions for reconsideration arguing the court failed to consider new evidence.

II

[¶3]   On appeal from an order granting the dismissal of a complaint, this Court construes the complaint in the light most favorable to the plaintiff and accepts as true the well-pleaded allegations in the complaint. *Atkins v. State,* 2021 ND 83, ¶ 9, 959 N.W.2d 588. The district court's order granting a motion to dismiss will be affirmed if this Court cannot find potential proof to support the complaint. *Id.* The decision to grant the motion to dismiss is reviewed de novo. *Id.*

III

[¶4]   A party bringing a quiet title action must have an interest in the property. N.D.C.C. § 32-17-01 ("An action may be maintained by any person having an estate or an interest in, or lien or encumbrance upon, real property[.]"). A party with a valid interest is entitled to have a court decide the merits of a dispute regarding the property. *Finstad v. Gord,* 2014 ND 72, ¶ 23, 844 N.W.2d 913.

[¶5]   The district court dismissed Schmidt's complaint based on *In the Matter of the Guardianship and Conservatorship of S.M.H.,* 2021 ND 104, ¶ 20, 960

1

N.W.2d 811. In *S.M.H.,* Schmidt alleged an interest in property based on the same warranty deed she proffered in this action. The court in *S.M.H.* found the warranty deed did not meet the signature requirements under N.D.C.C. § 47-10-01 or the witness requirements under N.D.C.C. § 47-10-05. *Matter of Guardianship of S.M.H.*, 2021 ND 104, ¶ 20. The court held Schmidt did not have a valid interest in the property. *Id.* at ¶ 23. This Court affirmed the district court's finding. *Id.* at ¶ 31.

[¶6] Here, the district court did not err in dismissing Schmidt's complaint based on standing. Because the warranty deed did not convey Schmidt a valid interest in the property, she failed to meet the requirements in N.D.C.C. § 47-10-05. Therefore, she did not have standing to bring a quiet title claim. Additionally, since the invalidity of the warranty deed was litigated and a final judgment was rendered, the district court did not err in dismissing Schmidt's complaint based on res judicata.

IV

[¶7] Schmidt argues the district court erred denying her motions for reconsideration. North Dakota does not formally recognize motions to reconsider. *Rath v. Rath,* 2018 ND 138, ¶ 9, 911 N.W.2d 919. If properly written and argued, this Court treats requests for reconsideration as motions to alter or amend a judgment under N.D.R.Civ.P. 59(j) or motions for relief from a judgment under N.D.R.Civ.P. 60(b). Denial of a motion to reconsider will not be reversed on appeal unless the district court abused its discretion. *Rath*, at ¶ 9. A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner; its decision is not the product of a rational mental process leading to a reasoned determination; or it misinterprets or misapplies the law. *Id.* at ¶ 10.

[¶8] North Dakota Rules of Civil Procedure 59(j) allows a party to seek reconsideration of a district court's judgment. *Hanson v. Hanson*, 2003 ND 20, ¶ 5, 656 N.W.2d 658. This rule can be used to present previously unavailable evidence, but should not be used to reexamine facts nor reconsider evidence already presented. *Fonder v. Fonder,* 2012 ND 228, ¶ 10, 823 N.W.2d 504.

2

[¶9]   North Dakota Rules of Civil Procedure 60(b) allows a party to seek relief from a final judgment if: 1) mistake or neglect occurred; 2) newly discovered evidence that could not have been discovered previously; 3) fraud; 4) the judgment is void; 5) the judgment was based on an earlier judgment that has been reversed or vacated; or 6) any other reason that justifies relief. The party asking for relief has the burden to show sufficient grounds for disturbing the final judgment and relief will only be granted in exceptional circumstances. *Shull v. Walcker*, 2009 ND 142, ¶ 14, 770 N.W.2d 274.

[¶10] Schmidt did not cite N.D.R.Civ.P. 59(j) or 60(b), or the grounds available for relief under either rule. Instead, she argues she is entitled to an evidentiary hearing regarding the validity of the warranty deed because a power of attorney was not considered by the district court in *S.M.H*.

[¶11] The power of attorney was before the district court in this matter. Schmidt's arguments for reconsideration in this case do not meet the requirements of N.D.R.Civ.P. 59(j) or N.D.R.Civ.P. 60(b), but instead she seeks to collaterally attack the conclusion in *S.M.H*. Therefore, the district court did not abuse its discretion denying her motions for reconsideration.

V

[¶12] We affirm, concluding the district court did not err in dismissing Schmidt's complaint, and did not abuse its discretion in denying her motions for reconsideration.

[¶13] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte


[¶14] The Honorable Gerald W. VandeWalle recused himself after oral argument and did not participate in this decision.

3