# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 185

Kimberly R. Richardson,  Plaintiff and Appellee

v.

Reuben M. Richardson,  Defendant and Appellant

and

State of North Dakota,  Statutory Real Party in Interest

## No. 20220163

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Douglas L. Mattson, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Erin M. Conroy, Bottineau, ND, for plaintiff and appellee; submitted on brief.

Alyssa L. Lovas, Bismarck, ND, for defendant and appellant; submitted on brief.

**Jensen, Chief Justice.**

[¶1]   Reuben Richardson appeals from a district court order denying his motion to modify residential responsibility without a hearing after finding he had failed to assert a prima facie case that a material change in circumstances had resulted in an adverse impact on the parties' child. He also appeals from the court's subsequent denial of his motion for reconsideration.

[¶2]   "Whether a moving party established a prima facie case for modification is a question of law reviewed de novo on appeal." *Gomm v. Winterfeldt,* 2022 ND 172, ¶ 30. To establish a prima facie case justifying modification of primary residential responsibility, a movant must show there has been a material change in circumstances and "the change in circumstances has adversely affected the child[]." *Klundt v. Benjamin*, 2021 ND 149, ¶ 8, 963 N.W.2d 278 (quoting *Johnshoy v. Johnshoy*, 2021 ND 108, ¶ 9, 961 N.W.2d 282). After our review of the record, we conclude Reuben Richardson did not provide prima facie evidence that there has been material change in circumstances which has adversely affected the child and we affirm under N.D.R.App.P. 35.1(a)(6).

[¶3]   Reuben Richardson argues the district court erred by denying his motion for reconsideration. North Dakota does not formally recognize motions to reconsider. *Rath v. Rath*, 2018 ND 138, ¶ 9, 911 N.W.2d 919. In *Schmidt v. Hageness*, we recognized the following:

> If properly written and argued, this Court treats requests for reconsideration as motions to alter or amend a judgment under N.D.R.Civ.P. 59(j) or motions for relief from a judgment under N.D.R.Civ.P. 60(b). Denial of a motion to reconsider will not be reversed on appeal unless the district court abused its discretion. *Rath*, at ¶ 9. A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner; its decision is not the product of a rational mental process leading to a reasoned determination; or it misinterprets or misapplies the law. *Id*. at ¶ 10.

North Dakota Rules of Civil Procedure 59(j) allows a party to seek reconsideration of a district court's judgment. *Hanson v. Hanson*, 2003 ND 20, ¶ 5, 656 N.W.2d 656. This rule can be used to present previously unavailable evidence, but should not be used to reexamine facts nor reconsider evidence already presented. *Fonder v. Fonder*, 2012 ND 228, ¶ 10, 823 N.W.2d 504.

North Dakota Rules of Civil Procedure 60(b) allows a party to seek relief from a final judgment if: 1) mistake or neglect occurred; 2) newly discovered evidence that could not have been discovered previously; 3) fraud; 4) the judgment is void; 5) the judgment was based on an earlier judgment that has been reversed or vacated; or 6) any other reason that justifies relief. The party asking for relief has the burden to show sufficient grounds for disturbing the final judgment and relief will only be granted in exceptional circumstances. *Shull v. Walcker*, 2009 ND 142, ¶ 14, 770 N.W.2d 274.

2022 ND 179, ¶¶ 7-9.

[¶4] Reuben Richardson did not cite to N.D.R.Civ.P. 59(j) or 60(b), nor did he argue the grounds available for relief under either rule. Instead, he reargued he is entitled to an evidentiary hearing. Reuben Richardson's arguments for reconsideration do not meet the requirements of N.D.R.Civ.P. 59(j) or N.D.R.Civ.P. 60(b). Therefore, the district court did not abuse its discretion in denying his motion for reconsideration. We affirm the district court's denial of Reuben Richardson's motion to reconsider.

[¶5]  Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Allan L. Schmalenberger, S.J.

[¶6] The Honorable Allan L. Schmalenberger, S.J., sitting in place of VandeWalle, J., disqualified.

2