**Nick FETTIG, Plaintiff and Respondent,**

**v.**

**Joe J. FETTIG, Anton J. Fettig, Jack Fettig, Monica Hovden and Raymond Fettig, Defendants and Appellants,**

**and**

**Margaret Mittelstadt, et al., Defendants and Respondents.**

**Civ. No. 8586.**

Supreme Court of North Dakota.

April 16, 1970.

Greenwood, Swanson, Murtha & Moench, Dickinson, for defendants and appellants.

Fleck, Smith, Mather, Strutz & Mayer, Bismarck, for plaintiff and respondent.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for Ambrose Stroh and Herbert Mittelstedt.

Marshall T. Bergerud, Killdeer, for D. B. Fitzlaugh, Grant Carlson and Willie Lind.

TEIGEN, Chief Justice.

This is an appeal from an order in a partition action confirming the sale of three and one-half sections of land, sold in parcels. Five of the twenty-two persons owning an interest, by inheritance, have taken this appeal. The appellants contend the court erred when it confirmed the sale because the referee in partition, acting as

auctioneer at the sale, varied the court's terms of sale.

We are met, at the onset, with some practice questions.

Following the sale, the referee made his report of sale to the court. A hearing was held, on notice, and an order confirming the sale and directing the referee to execute conveyances was entered by the court. This order does not direct the entry of a judgment. However, a judgment was later entered by the clerk of court. This appeal is taken from the order confirming the sale and directing the referee to execute conveyances, and some of the respondents argue, on this appeal, that, because no appeal was taken from the judgment, the matter is now res judicata because the time to appeal from the judgment has expired. We do not agree. The order confirming the sale is a final order in a partition action and does not call for, nor require, the entry of a judgment. The statutes on partition provide that when a sale is ordered by the court, the referee, after completing the sale, must report the same to the court. Section 32–16–33, N. D.C.C. If the sale is confirmed by the court, an "order" must be entered directing the referee to execute conveyances. Section 32–16–34, N.D.C.C. When the conveyances have been recorded, they act as a bar against all persons, subject to the jurisdiction of the court, to attack the sale. Section 32–16–36, N.D.C.C. Thus, the order confirming the sale is a final order. Rule 58, N.D.R.Civ.P., provides that a judgment may be entered by the clerk only upon the order of the court, or a judge thereof. The rule is a re-statement of the statute (Section 28–2001, N.D.R.C., 1943), which it superseded. The statute was construed in Dibble v. Hanson, 17 N.D. 21, 114 N.W. 371 (on rehearing), in which the court held that a judgment entered by the clerk, without an order, is a nullity. There is no order in this case directing the clerk to enter a judgment. Therefore, the instrument entitled "Judgment" is void. In this case the complaint prays for a sale, the court ordered a sale, a sale was held, the referee made his report of sale and, after hearing, the court confirmed the sale and directed the referee to execute conveyances to the buyers. Thus the order involves the merits of "some part of the action," is final, and is appealable under Section 28–27–02(5), N.D.C.C.

The respondents also contend that, because the demand contained in the notice of appeal for a trial de novo is not contained in the settled statement of the case, trial de novo is not available to the appellants. This appeal, however, is from an order and not from a judgment, and Section 28–27–32, N.D.C.C., which allows a trial de novo in an appeal from a judgment in a case tried to the court without a jury, is not applicable. Collette v. Matejcek (N.D.1966), 146 N.W.2d 156.

The respondents contend that if the appeal is from an order there is nothing for the court to review because no specifications of error were served with the notice of appeal as required by Section 28–18–09, N.D.C.C. This section provides that a party desiring to appeal from a judgment, or other determination of a district court, except upon appeals triable de novo, shall serve, with the notice of appeal, a concise statement of the errors of law he complains of, and if he claims the evidence is insufficient to support the decision, or that it is of such character that the decision should be set aside as a matter of discretion, he shall so specify. In other words, upon an appeal, as in this case, specifications of claimed error must be served with the notice of appeal. Where an appeal is governed by the provisions of Section 28–18–09, N.D.C.C., the party taking the appeal has the burden of specifying and showing error and the review on appeal is limited to the errors specified. Where no error is assigned, there is nothing for the appellate courts to review. First Nat. Bank of Crary v. Bremseth, 60

N.D. 401, 234 N.W. 758; Pope v. Popow (N.D.), 133 N.W.2d 433. It has been held, however, that Section 28–18–09, N.D.C.C., was not intended to apply in cases where alleged error appears on the face of the judgment roll proper, but only to cases where a statement of the case is required in order to bring the rulings complained of up on the record. Collette v. Matejcek, *supra*. We have examined the record and find that specifications of error were not served with the notice of appeal and that the settled statement of the case does not incorporate specifications of error. However, it appears from the judgment roll that specifications of error were served on August 22, 1969, about fifteen months after the appeal was taken and after the court had settled the statement of the case. These specifications merely state that the court erred in entering its order confirming the sale and approving the referee's report of sale. They do not state what the error consists of nor the question intended to be presented to this court on appeal. The appellants have not made application to the court from which the appeal is taken, nor to this court, nor to any of its justices, under Section 28–27–26, N.D.C.C., for permission to take corrective steps to make the appeal effectual for any purpose except to review the face of the judgment roll. For these reasons, we cannot, on this appeal, consider the specifications of error as a part of the record of this appeal. The objections of the respondents are valid and the appellants have failed to sustain the burden of showing error. There is nothing for this court to review except the face of the judgment roll, which we have examined, and we find no error; therefore, the appeal must be dismissed.

◼◼◼ We have examined the briefs of the respective parties to this appeal. It appears that the facts are not in dispute. If we were to decide on the basis of the facts set forth in the arguments, we would affirm the order. This is an action in partition. The court ordered the sale of the land at public auction, in parcels, for cash, and, in its order, the court states, "the referee to receive a down-payment of twenty per cent (20%) of the bid price on the day of sale." The court-appointed referee, who also acted as auctioneer in the auction sale of the land, publicly announced, before offering the first parcel for sale, that after each parcel of land was sold the successful bidder must make the twenty per cent down-payment and sign a contract for the balance, payable in thirty days. Joe Fettig, one of the appellants, was the successful bidder on the first two quarter-sections of land sold but he refused to make the down-payment when it was demanded by the referee-auctioneer, stating that, under the terms of the sale as ordered by the court, he was not required to make the down-payment until the end of the sale of all of the land that day. The referee-auctioneer declared that the sale of these two quarter-sections was not consummated because Fettig, the high bidder, would not comply with the terms of the sale, and he proceeded to re-offer the land for sale a second time. On the re-sale, the referee-auctioneer apparently refused to acknowledge Fettig's bids. The land was sold to other bidders for a price less than that originally bid by Fettig. It also appears that, in the sale of other parcels, the referee-auctioneer consistently required a down-payment before offering the next parcel for sale. The terms of the sale imposed by the court were cash as opposed to credit. The referee had prepared contract forms which were used at the sale. These contracts stated the purchase price, allowed credit for the down-payment, and provided that the balance would be paid in thirty days. All sales were made subject to confirmation by the court. Section 32–16–24, N.D.C.C., provides that all sales of real property in a partition action must be made at public auction to the highest bidder, and that the notice of sale must state the terms of the sale. It is not disputed that the notice of sale states the terms of sale. The sale of real estate, in partition, under order of the court, is a judicial sale. 40 Am.Jur., Partitions, Section 87. It also appears

that, at the hearing on the referee's report made after the sale, Fettig and others appeared and objection was made to its allowance, upon the same grounds as urged in the arguments here. The court, however, confirmed the sale. No objection is made because the bidders were allowed thirty days in which to pay the eighty per cent balance of the purchase price. It also appears that this was the second sale on partition. The first sale was set aside by the court, except as to one parcel, because the successful bidder of all but one parcel failed to make good his check for the twenty per cent down-payment and to pay the balance at the appointed time. We feel that the referee was invested with reasonable discretion as to the manner of conducting the sale within the terms of the court's order and the statutes. It is our opinion that the terms of the sale were not varied by the referee's requirement that the down-payment be made after each parcel was sold rather than at the end of the sale of all parcels that day. It appears that the requirement was fairly and impartially exercised as to all successful bidders for the benefit of all concerned. We do not see how it worked any injustice or wrong to anyone; and it was not in violation of the statutes or the order of the court. Further, the trial court approved the referee's report of sale after the objections to the sale were made known to it. It therefore approved of the manner in which the sale was conducted and concluded that its terms were not violated.

The appeal is dismissed.

KNUDSON, STRUTZ, PAULSON and ERICKSTAD, JJ., concur.