**Marian GEIGLE, Plaintiff and Appellant,**

v.

**Otto GEIGLE, Defendant and Appellee.**

**Civ. No. 9415.**

Supreme Court of North Dakota.

Dec. 19, 1977.

---

William R. Mills, Bismarck, for plaintiff and appellant.

Michael S. McIntee, Towner, for defendant and appellee.

ERICKSTAD, Chief Justice.

Marian Geigle, plaintiff and appellant, has appealed to this Court from an order approving sale of real estate by the District Court of Burleigh County. This is a motion by Otto Geigle, defendant and appellee, to dismiss that appeal on the ground that this is not an appealable order.

The facts that are relevant for this appeal are not in dispute. The parties in this case were granted a divorce in the Burleigh County District Court in a judgment dated March 23, 1977. In that judgment the judge directed that the real estate owned by the parties be sold at a public auction. On July 8, 1977, a hearing was held in the Burleigh County District Court concerning the sale of the real estate in question. On July 14, 1977, the judge signed an order approving the sale of the real estate. In that order, the judge said:

"NOW, THEREFORE, It is hereby ordered, adjudged and decreed that the said sale be, and the same is hereby confirmed, approved, and declared valid and that the said parties are hereby authorized and directed to execute to the said purchaser, Otto Geigle, a proper deed of conveyance for said real estate upon presentation of the purchase price pursuant to the Judgment."

This order was served on Marian Geigle on August 10, 1977, and she filed a notice of appeal from this order on October 3, 1977.

The sole issue before us at this time is whether or not this order is appealable to this court.

Section 28–27–02, N.D.C.C., sets out the orders that may be carried to the Supreme Court on appeal. Otto Geigle does not believe that the order appealed from in this case comes under that section.

We disagree and find that the order appealed from in this case is encompassed by subsections (2) and (5) of § 28–27–02, N.D.C.C. Section 28–27–02(2) reads:

"The following orders when made by the court may be carried to the supreme court:

\*        \*        \*        \*        \*        \*

2. A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment;"

Otto Geigle contends that this subsection does not apply in that the order involved in this case is not a final order. He bases this contention on the fact that the judge stated at the conclusion of the July 8 hearing that he would approve the sale of real estate but would not order transfer and conveyance of the property when there was no money on the table.

We find, however, that the order approving the sale of land in this case is a final order affecting a substantial right made in a special proceeding after judgment. In the order dated July 14, 1977, the judge approved the sale and directed the parties to execute a proper deed of conveyance for the real estate upon presentation of the purchase price. This order is a final determination by the district court of the validity of the sale. *Dakota Inv. Co. v. Sullivan*, 9 N.D. 303, 83 N.W. 233 (1900).

The order in this case is properly appealable also under subsection (5) of § 28–27–02, N.D.C.C. It reads:

"The following orders when made by the court may be carried to the supreme court:

\*        \*        \*        \*        \*        \*

5. An order which involves the merits of an action or some part thereof;"

This order directly affects the amount of money that the parties may receive as a result of the property division set out in the judgment granting the divorce. It therefore involves some part of the merits of the action.

In *Fettig v. Fettig*, 176 N.W.2d 523 (N.D. 1970), in syllabus ¶ 1, we said:

"1. In a partition action, under Chapter 32–16, N.D.C.C., an order confirming a sale of land and directing the referee to execute conveyances, as provided by Section 32–16–34, N.D.C.C., involves the merits of 'some part of the action,' is final and, therefore, is appealable under Section 28–27–02(5), N.D.C.C." 176 N.W.2d at 524.

We can see no valid reason why the order confirming the sale of land in *Fettig* would be appealable under subsection (5) of § 28–27–02, N.D.C.C., and the order approving the sale of land in this case would not be appealable under the same section.

The motion to dismiss is therefore denied.

VOGEL, PEDERSON, PAULSON and SAND, JJ., concur.