2016 ND 96

In the Matter of the GUARDIANSHIP
and Conservatorship of R.G., an
Incapacitated Person

C.G., Petitioner

v.

K.P.; S.P.; R.G.; K.N., co-guardian;
S.S., co-guardian; Audrey Ulrich, co-
guardian; GAPS; American State
Bank & Trust, conservator; Jeff Nehr-
ing, guardian ad litem; and Christo-
pher Carlson, guardian ad litem, Re-
spondents

K.P., Appellant

C.G.; American State Bank & Trust,
conservator, Appellees.

No. 20150184.

Supreme Court of North Dakota.

May 26, 2016.

Taylor D. Olson, Williston, N.D., for petitioner and appellee C.G.,

Lisa M. Six (argued) and Garth H. Sjue (on brief), Williston, N.D., for respondent and appellee American State Bank & Trust.

William C. Black, Bismarck, N.D., for respondent and appellant K.P.

SANDSTROM, Justice.

[¶ 1] K.P. appeals from an order appointing a conservator and co-guardians for his adult uncle, R.G. We conclude the district court did not clearly err in finding good cause not to appoint K.P. as guardian and conservator for R.G. and did not abuse its discretion in appointing other individuals and entities as conservator and co-guardians for R.G. We affirm.

I

[¶ 2] In September 2014, R.G. lived in one of several mobile homes on land in rural McKenzie County owned by him and members of his family. R.G.'s brother helped care for him until that brother died in May 2014. According to R.G., his niece, S.P., became his caregiver after his brother's death, and she lived near Billings and usually saw him once or twice a month. In September 2014, law enforcement officers raided the property where R.G.'s mobile home was located as part of an investigation of others. According to a McKenzie County Deputy Sheriff, R.G.'s mobile home had dog feces throughout and did not have running water, a sewer or septic system, a furnace, a working refrigerator, or an adequate food supply.

[¶ 3] After the law enforcement raid, C.G., a niece of R.G.'s, petitioned for appointment of an emergency conservator and guardian for her uncle, alleging he was between 86 and 87 years old and was being unduly influenced by S.P., who was nominated as his attorney-in-fact under a July 2014 durable power of attorney. C.G.'s petition sought to have R.G. declared an incapacitated person and to establish protective proceedings for his residential, medical, and financial affairs. The district court appointed Guardian and Protective Services, Inc. ("GAPS") as an emergency conservator and co-guardian and K.N., a relative of R.G.'s by marriage, as a co-guardian. The court also appointed a guardian ad litem for R.G. At a hearing on the emergency order, R.G. testified he executed a power of attorney in July 2014, appointing S.P. as his attorney-in-fact and he had recently transferred some property to her. According to the guardian ad litem, R.G. had recently transferred property, including an oil well, to S.P. and the condition of "the trailer house was very, very poor." The guardian ad litem testi-

fied he believed a conservatorship and guardianship was necessary. After that hearing, the court determined the emergency order was appropriate for a period not to exceed 60 days and invalidated R.G.'s power of attorney pending further proceedings.

[¶ 4] C.G. thereafter petitioned for appointment of a conservator and a guardian for R.G. The district court appointed a visitor, a physician, and a guardian ad litem to examine R.G., and those entities made written reports to the court. At a hearing on that petition, R.G., K.P., C.G., and the guardian ad litem agreed R.G. needed a conservator and a guardian, and the court considered the appropriate entity or entities for appointment. At the hearing, K.P. testified his sister, S.P., was willing to waive her appointment as her uncle's designated attorney-in-fact and healthcare agent under the July 2014 power of attorney and K.P. sought to be appointed as his uncle's conservator and guardian as the named alternate under that document. The district court said reports by the physician, the visitor, and the guardian ad litem had been submitted to the court for review and found R.G. was an incapacitated person in need of the continuing care and supervision of a conservator and guardian. The court appointed GAPS, K.N., and S.S., a granddaughter of R.G.'s brother, as co-guardians and appointed American State Bank & Trust as conservator for R.G.

[¶ 5] The district court had jurisdiction to appoint a conservator and guardian under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 27–05–06 and 30.1–02–02. K.P.'s appeal from the order is timely under N.D.R.App.P. 4(a). Appeals from an order appointing a conservator and guardian are authorized under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. §§ 28–27–01, 28–27–02, and 30.1–02–06.1. American State Bank

argues, however, we lack jurisdiction to hear this appeal without a certification under N.D.R.Civ.P. 54(b), and we initially consider that argument.

## II

■ [¶ 6] American State Bank argues an order appointing a conservator and guardian is not appealable without a certification under N.D.R.Civ.P. 54(b).

[¶ 7] Rule 54(b), N.D.R.Civ.P., authorizes a district court to enter a final judgment as to one claim or party for purposes of appeal in actions involving multiple claims or multiple parties and provides:

> If an action presents more than one claim for relief, whether as a claim, counterclaim, crossclaim, or third-party claim, or if multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

In appeals involving remaining unadjudicated claims, our appellate jurisdiction requires compliance with two criteria:

> First, the order appealed from must meet one of the statutory criteria of appealability set forth in NDCC § 28–27–02. If it does not, our inquiry need go no further and the appeal must be dismissed. If it does, then Rule 54(b), NDRCivP, must be complied with. If it is not, we are without jurisdiction.

*Gast Constr. Co., Inc. v. Brighton P'ship*, 422 N.W.2d 389, 390 (N.D.1988) (citations omitted).

[¶ 8] American State Bank; however, has cited no cases requiring a Rule 54(b) certification for appeals from an order appointing a conservator and guardian. American State Bank nevertheless claims the lack of a Rule 54(b) certification precludes jurisdiction in this case because addressing and remedying S.P.'s improper influence over R.G. was at the heart of this case and proceedings to rescind R.G.'s conveyances to S.P. were pending when K.P. ultimately appealed from the order appointing a conservator and co-guardians.

[¶ 9] In *In re Estate of Shubert*, 2013 ND 215, ¶¶ 22–25, 839 N.W.2d 811, this Court considered a similar issue in the context of an appeal from an order denying a petition to remove a personal representative. We explained:

> In *Matter of Estate of Starcher*, 447 N.W.2d 293, 295–96 (N.D.1989), this Court discussed the applicability of N.D.R.Civ.P. 54(b) to supervised and unsupervised probates. We recognized each proceeding in an informal unsupervised probate was "independent of any other proceeding involving the same estate." *Starcher*, at 295 (quoting N.D.C.C. § 30.1–12–07). We said "[f]inality in an unsupervised administration requires a concluding order on each petition," and orders in an unsupervised probate are appealable without certification under N.D.R.Civ.P. 54(b), unless they determine some, but not all, of one creditor's claims against an estate. *See Starcher*, 447 N.W.2d at 295–96.
>
> In *In re Estate of Eggl*, 2010 ND 104, ¶¶ 6–9, 783 N.W.2d 36, we considered the appealability of an order interpreting a will in an unsupervised probate. We held the order was appealable without a certification under N.D.R.Civ.P.

> 54(b) because the order settled all the petitioner's existing claims and their speculation about future claims did not diminish the effect or appealability of the order. *Eggl*, at ¶ 9.
>
> This is an informal unsupervised probate. The appellants' petition to remove Wikholm as personal representative is a proceeding separate from individual claims by creditors or heirs, and the court issued a concluding order on that petition. Finality in separate proceedings in an unsupervised administration requires a concluding order on each petition. *Starcher*, 447 N.W.2d at 295. Moreover, the resolution of a petition to remove a personal representative in an unsupervised administration has an impact similar to the interpretation of the will in *Eggl*, which may be impossible to remedy in future proceedings. *See Medical Arts Clinic, P.C. v. Franciscan Initiatives, Inc.*, 531 N.W.2d 289, 298 (N.D.1995) (noting difficulty in seeking remedy that would unring a bell). As in *Eggl*, 2010 ND 104, ¶¶ 6–9, 783 N.W.2d 36, we conclude the order denying the petition to remove Wikholm as personal representative of the estates is appealable under N.D.C.C. § 28–27–02 without a certification under N.D.R.Civ.P. 54(b).

*Shubert*, at ¶¶ 23–25.

[¶ 10] A conservator may be appointed to manage the estate and affairs of a person if the court determines the person is unable to manage the person's property and affairs because of mental illness, mental deficiency, or physical illness or disability and the person has property that will be wasted or dissipated unless proper management is provided, or protection is necessary to obtain or provide funds for the support, care, and welfare of the person. N.D.C.C. § 30.1–29–01(2). *See In re Guardianship of J.G.S.*, 2014 ND 239, ¶ 13, 857 N.W.2d 847. "The appointment

of a conservator vests in the conservator title as trustee to all property of the protected person." N.D.C.C. § 30.1–29–20. *See* N.D.C.C. § 30.1–29–17 (conservator acts as fiduciary and observes standards of care applicable to trustee). A conservator must make annual reports and accounts to the court under N.D.C.C. § 30.1–29–19, and a conservatorship continues until termination of the proceeding under N.D.C.C. § 30.1–29–30. *See* N.D.C.C. § 30.1–29–15 (discussing provisions for removing a conservator for good cause and for a conservator's death, resignation, or removal). A conservator has the power to prosecute or defend actions for the protection of estate assets. N.D.C.C. § 30.1–29–24(3)(x).

[¶ 11] A guardian may be appointed for a person if the court finds the person is incapacitated and unable to attend to affairs concerning the person. N.D.C.C. § 30.1–28–04(2); *J.G.S.*, 2014 ND 239, ¶ 13, 857 N.W.2d 847. Unless terminated earlier, an order appointing a guardian is effective for up to five years under N.D.C.C. § 30.1–28–04(5). A guardianship may be terminated by petition for removal or resignation, or by death of the guardian or ward. N.D.C.C. §§ 30.1–28–06 and 30.1–28–07. A guardian of an incapacitated person must also file an annual report with the court and has only the powers specified by the court. N.D.C.C. § 30.1–28–12.

[¶ 12] We have recognized some differences between the appointment of a conservator and a guardian. *See J.G.S.*, 2014 ND 239, ¶¶ 13–14, 857 N.W.2d 847 (discussing standard of proof and criteria for appointment of conservator and guardian); *In re Estate of Gleeson*, 2002 ND 211, ¶¶ 14–15, 655 N.W.2d 69 (same); *Matter of Bo*, 365 N.W.2d 847, 850–51 (N.D. 1985) (same). The powers and duties of a conservator and guardian, however, are similar to a personal representative's powers and duties in an informal unsupervised probate. Moreover, the appointment of a conservator and guardian has an impact similar to the appointment of a personal representative, or to the denial of a petition to remove a personal representative in an unsupervised probate. *See Shubert*, 2013 ND 215, ¶ 25, 839 N.W.2d 811. Additionally, a petition to appoint a conservator and guardian generally is not dependent on any potential proceeding an appointed entity may bring on behalf of the protected person. *See id.* (appointment of personal representative is proceeding separate from individual claims by creditors or heirs); *Eggl*, 2010 ND 104, ¶ 9, 783 N.W.2d 36 (speculation about future claims after interpretation of will does not affect appealability of order interpreting will).

[¶ 13] C.G.'s petition and the order appointing a conservator and co-guardians settled the existing claims in the petition and do not necessarily contemplate further proceedings about the appointment. Appointment of a conservator and guardian is separate from any proceedings on behalf of the protected person and is similar to appointment of a personal representative. *See Shubert*, 2013 ND 215, ¶ 25, 839 N.W.2d 811. Although American State Bank, as conservator, subsequently initiated a rescission claim on R.G.'s behalf against S.P., which was pending when K.P. appealed from the appointment order, any future potential legal actions by a conservator on behalf of R.G. are separate and independent from C.G.'s petition to appoint a conservator and guardian. Any speculation about those future claims does not diminish the effect or appealability of the order appointing a conservator and guardian. *See Eggl*, 2010 ND 104, ¶ 9, 783 N.W.2d 36. We conclude the district court's order appointing a conservator and guardian is appealable without a certification under N.D.R.Civ.P. 54(b).

III .

[¶ 14] K.P. argues the district court was wrong in not appointing him as conservator and guardian. He claims the court's findings of fact on undue influence and incapacity are inadequate to understand the reason for the court's decision not to appoint him as conservator and guardian. He contends the court abused its discretion in appointing a conservator and co-guardians with a lower priority than he because the evidence does not support a finding of good cause or his lack of qualification. C.G. responds specific findings for undue influence and incapacity were not required and the court did not abuse its discretion in appointing a conservator and co-guardians with lower priority than K.P., because the court found good cause to appoint other individuals and entities as conservator and guardian. American State Bank argues the court did not abuse its discretion in appointing American State Bank as the conservator for R.G.

[¶ 15] In *In re Guardianship of B.K.J.*, 2015 ND 191, ¶ 4, 867 N.W.2d 345 (quoting *In re Guardianship & Conservatorship of Thomas*, 2006 ND 219, ¶ 7, 723 N.W.2d 384), we outlined the standard of review applied in proceedings for appointment of a conservator and guardian:

Although we apply the clearly erroneous standard under N.D.R.Civ.P. 52(a) when reviewing findings of fact in a guardianship proceeding, *see, e.g., Matter of Guardianship of Larson*, 530 N.W.2d 348, 351 (N.D.1995); *Matter of Guardianship of Nelson*, 519 N.W.2d 15, 17 (N.D.1994); *Matter of Guardianship of Renz*, 507 N.W.2d 76, 77 (N.D.1993), courts in Uniform Probate Code jurisdictions apply the abuse of discretion standard when reviewing a trial court's selection of a guardian and conservator. *See, e.g., In re Guardianship of Kowalski*, 382 N.W.2d 861, 864 (Minn.Ct.App.

1986); *Matter of Guardianship of Nelson*, 204 Mont. 90, 663 P.2d 316, 318 (1983); *In re Guardianship of Blare*, 1999 SD 3, ¶ 9, 589 N.W.2d 211; Peter G. Guthrie, Annotation, *Priority and Preference in Appointment of Conservator or Guardian for an Incompetent*, 65 A.L.R.3d 991, 995 (1975). A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support the finding, or if, on the entire record, we are left with a definite and firm conviction a mistake has been made. *In re E.G.*, 2006 ND 126, ¶ 7, 716 N.W.2d 469. A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned determination, or it misinterprets or misapplies the law. *City of Bismarck v. Mariner Constr., Inc.*, 2006 ND 108, ¶ 8, 714 N.W.2d 484.

[¶ 16] At the hearing on the petition for appointment of a conservator and guardian, K.P., C.G., R.G., and R.G.'s guardian ad litem all agreed the appointment of a conservator and guardian was necessary, and the disputed issue involved the priority for appointment. Sections 30.1–28–11 and 30.1–29–10, N.D.C.C., set out statutory priorities for appointing conservators and guardians. Under N.D.C.C. § 30.1–28–11(1), a district court may appoint any competent person or a designated person from a suitable institution, agency, or nonprofit group home as a guardian. Under N.D.C.C. § 30.1–29–10(1), a district court may appoint an individual, limited liability company, association, corporation, or other entity with general power to serve as a trustee as a conservator for the estate of a protected person. Those statutory provisions initially require a court to appoint a conservator and guardian according to the incapacitated or protected person's "most recent nomination in a durable

power of attorney." N.D.C.C. §§ 30.1–28–11(2) and 30.1–29–10(2). Those provisions state that "[u]nless lack of qualification or other good cause dictates the contrary, the court shall appoint" a conservator and guardian "in accordance with the" protected or incapacitated "person's most recent nomination in a durable power of attorney." N.D.C.C. §§ 30.1–28–11(2) and 30.1–29–10(2). Sections 30.1–28–11(3) and (4) and 30.1–29–10(3) and (4), N.D.C.C., set out priorities when there is no nomination in a most recent durable power of attorney and authorize a court to pass over a person with a higher priority in certain situations and appoint a person with a lower priority.

[¶ 17] Here, following the parties' stipulation at the hearing, the court found R.G. was an incapacitated person in need of continuing care, and the issue was whether there was good cause not to appoint K.P., a person named under R.G.'s July 2014 durable power of attorney as an alternate attorney-in-fact. The court's written order states R.G. "is an incapacitated person and is in need of the continuing care and supervision of [a] guardian and conservator," and GAPS, S.S., and K.N. "are suitable people to act as co-guardians and American State Bank . . . as sole conservator."

[¶ 18] Under N.D.R.Civ.P. 52(a), a district court must make adequate findings of fact and conclusions of law to enable an appellate court to understand the factual findings and the basis for its conclusions of law and decision. *In re Guardianship of V.A.M.*, 2015 ND 247, ¶ 22, 870 N.W.2d 201. A court's findings of fact and conclusions of law must be stated with sufficient specificity to afford an understanding of the court's decision. *Id.* Conclusory, general findings do not comply with N.D.R.Civ.P. 52(a). *Federal Land Bank of St. Paul v. Lillehaugen,* 404 N.W.2d 452, 459 (N.D.1987). Although

findings of fact must provide an understanding of the court's decision, findings are adequate if we can discern the factual basis for the court's determination. *VND, LLC v. Leevers Foods, Inc.,* 2003 ND 198, ¶ 27, 672 N.W.2d 445. We have also said a court's oral findings may explain its written findings and satisfy the requirements of N.D.R.Civ.P. 52(a). *In re J.K.,* 2009 ND 46, ¶ 28, 763 N.W.2d 507; *Romanyshyn v. Fredericks,* 1999 ND 128, ¶ 6, 597 N.W.2d 420.

[¶ 19] In oral findings from the bench, the district court stated:

I know these are tough cases to bring before the Court. They make already strained family ties worse, and I have most definitely seen that throughout this proceeding. But, you know, these cases are—or this case is all about [R.G.]. I really do think that everyone here cares about [R.G.], and that they want what's best for him. [R.G.'s] a likeable guy. I like [R.G.] I was just telling Sarah that I'd like to sit down and have coffee with him and play cards. I mean, he seems like a really nice guy. So, I do think that you guys have his best interests in mind. And I don't think that anybody's here to try and take advantage of him here in the courtroom. But, I do have great concerns about [R.G.'s] ability to make that decision back in July without undue influence. I don't—I'm not implying [K.P.], that it was you that did that, but I'm going to find good cause dictates the contrary to following [the power of attorney], which I haven't seen either. So, I am going to appoint GAPS, and the two other ladies as co-guardians, [S.S.] and [K.N.]. I am going to appoint American State Bank as conservator, because with this level of contention that's going on with this family, I don't think that anybody should be involved with his finances. And I think it'll put

you in a terribly awkward situation, [K.P.]. And I don't think that there's any reason American State Bank can't be the conservator, take this out of the emotional realm that it's in, and take care of his finances, and hopefully provide [R.G.] the good life that he deserves.

[¶ 20] The court's written findings do not explain the court's reasons for not appointing K.P., a person named in R.G.'s power of attorney as an alternative attorney-in-fact, as his conservator and guardian. Although the court's written findings could have been more detailed, the oral findings are adequate to understand that family conflict was the reason for the court's finding of good cause not to appoint K.P. as conservator and guardian. We have recognized family conflict and the appearance of undue influence may establish good cause and be grounds to appoint neutral or nonfamily entities as conservators and guardians. *See In re Conservatorship of T.K.*, 2009 ND 195, ¶¶ 7, 16–17, 775 N.W.2d 496; *In re Guardianship & Conservatorship of Thomas*, 2006 ND 219, ¶¶ 10–11, 723 N.W.2d 384.

[¶ 21] There is evidence in this record about R.G.'s family circumstances and conflicts between certain family members. On the record in this case, we are not left with a definite and firm conviction the court made a mistake in finding good cause not to follow R.G.'s most recent durable power of attorney. We conclude the finding of good cause is not clearly erroneous. We further conclude the court's decision to appoint American State Bank as conservator and GAPS, S.S., and K.N. as co-guardians was not arbitrary, capricious, or unreasonable, was not a misapplication of the law, and was based on a rational mental process. We therefore conclude the court did not abuse its discretion in appointing entities other than K.P. as con-

servator and co-guardians for R.G. We affirm the order appointing the conservator and co-guardians.

### IV

[¶ 22] We affirm the order.

[¶ 23] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, LISA FAIR McEVERS and CAROL RONNING KAPSNER, JJ., concur.