# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 104

In the Matter of the Guardianship and Conservatorship of S.M.H., an incapacitated person

| | |
|---|---|
| K.S., | Petitioner and Appellant |
| and | |
| B.J.S., | Petitioner |
| v. | |
| S.M.H., ward, | Respondent |
| | |
| Lutheran Social Services of Minnesota, | Respondent and Appellee |
| and | |
| M.M.H., P.E.H., and P.S., | Interested Parties |

## No. 20200239

Appeal from the District Court of Benson County, Northeast Judicial District, the Honorable Donovan J. Foughty, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

K.S., Gilbert, AZ, petitioner and appellant.

Scott J. Landa, Grand Forks, ND, for respondent and appellee.

# Guardianship and Conservatorship of S.M.H.
## No. 20200239

**Jensen, Chief Justice.**

[¶1]   K.S. appeals from a district court order approving the sale of S.M.H.'s interest in real property and striking from the court record an affidavit filed by K.S. K.S. argues the court erred by determining that a document K.S. claimed transferred a majority of S.M.H.'s interest in the real property to K.S. failed to meet the statutory requirements for a valid conveyance under N.D.C.C. §§ 47-10-01 and 47-10-05; the court erred in striking her affidavit from the record; and the court erred in awarding attorney's fees to Lutheran Social Services. We affirm.

I

[¶2]   S.M.H. is an 84-year-old incapacitated person. In April 2019, Lutheran Social Services was appointed S.M.H.'s permanent guardian and conservator. In October 2019, Lutheran Social Services filed with the district court a petition to sell S.M.H.'s interest in various parcels of real property to cover expenses incurred for S.M.H.'s care at an assisted living facility. The district court granted Lutheran Social Services' petition, provided that S.M.H.'s family members were given notice of sale and the first option to purchase the property at appraised value.

[¶3]   On May 13, 2020, subsequent to the district court's approval of Lutheran Social Services' petition to sell the real property, K.S., an adult child of S.M.H., filed an affidavit with the court alleging Lutheran Social Services was failing to uphold its fiduciary duties owed to S.M.H. and was attempting to sell K.S.'s interest in real property. Attached as an exhibit to the affidavit was a type-written document entitled "Warranty Deed." The document purportedly conveyed ninety percent (90%) of S.M.H.'s interest in all her real property to K.S. and purported to grant to K.S. a right of first refusal. Incorporated into the document was a separate hand-written document that purported to convey to K.S. a portion of S.M.H.'s one-third interest in undescribed real property in

1

Pierce County, North Dakota. When the affidavit was filed, there were no pending motions before the court.

[¶4]   On June 3, 2020, after receiving purchase offers and inquiring with K.S. whether she sought to enter into a purchase agreement under the same terms as the other offers, Lutheran Social Services filed a motion to approve of the sale of S.M.H.'s interest in the real property and to strike K.S.'s affidavit. In its motion, Lutheran Social Services argued the "Warranty Deed" document was not a valid conveyance and did not prevent the sale of S.M.H.'s interest in the real property because the document had not been signed by S.M.H. and had not been properly witnessed. Lutheran Social Services further argued K.S. waived any purported right of first refusal by not entering into a purchase agreement under the same terms as the other offers. Lutheran Social Services also sought to have the district court strike K.S.'s affidavit from the record as an unauthorized court filing. Finally, Lutheran Social Services sought an award of attorney's fees. K.S. opposed the motion.

[¶5]   After both parties had filed their briefs on the June 3, 2020 motion, Lutheran Social Services filed a proposed order including proposed findings of fact, conclusions of law, and order for judgment. K.S. objected to the proposed order arguing, in part, that the "Warranty Deed" document was a valid conveyance without S.M.H.'s signature because K.S. was designated as S.M.H.'s power of attorney and an agent authorized to sign the document on behalf of S.M.H. K.S. included an exhibit purporting to designate K.S. as S.M.H.'s power of attorney. K.S. did not, at any point, request an evidentiary hearing on Lutheran Social Services' motion.

[¶6]   On July 13, 2020, the district court entered an order approving the sale of S.M.H.'s interest in any real property owned by S.M.H. The court found the "Warranty Deed" document lacked the signature of S.M.H. and was not properly witnessed. The court concluded the document failed to meet the statutory requirements necessary to convey S.M.H.'s interest in the described properties or grant K.S. a right of first refusal. The court also struck K.S.'s affidavit from the record and ordered K.S. to pay Lutheran Social Services' attorney's fees. K.S. appeals.

## II

[¶7]   Lutheran Social Services asserts this Court lacks jurisdiction over K.S.'s appeal. It argues the July 13, 2020 order is interlocutory, and K.S. was required to obtain certification under N.D.R.Civ.P. 54(b).

[¶8]   "The right to appeal is statutory." *Wilkinson v. Board of Univ.*, 2020 ND 179, ¶ 11, 947 N.W.2d 910. If there is no statutory basis for appeal, this Court lacks jurisdiction and must dismiss the appeal. *Id.* "Only judgments and decrees which constitute a final judgment of the rights of the parties and certain orders enumerated by statute are appealable." *Holverson v. Lundberg*, 2015 ND 225, ¶ 6, 869 N.W.2d 146. This Court's two-step analysis for evaluating jurisdiction has been explained as follows:

> First, the order appealed from must meet one of the statutory criteria of appealability set forth in [N.D.C.C. §] 28-27-02. If it does not, our inquiry need go no further and the appeal must be dismissed. If it does, then Rule 54(b), N.D.R.Civ.P., [if applicable,] must be complied with. If it is not, we are without jurisdiction.

*Id.* at ¶ 9 (quoting *Matter of Estate of Stensland*, 1998 ND 37, ¶ 10, 574 N.W.2d 203) (quotation marks omitted).

[¶9]   K.S. appeals from the district court's July 13, 2020 order which approved the sale of S.M.H.'s interest in real property. An order approving a sale of interest in real property is a final order for purposes of appeal under N.D.C.C. § 28-27-02. *See Farm Credit Bank of St. Paul v. Rub*, 478 N.W.2d 279, 280 (N.D. 1991) (citing N.D.C.C. § 28-27-02(2) which provides a "final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment" is appealable); *Geigle v. Geigle*, 261 N.W.2d 399, 400 (N.D. 1977) (citing N.D.C.C. § 28-27-02(2) and (5) which provide a "final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment" and "an order which involves the merits of an action or some part thereof" are appealable); *Fettig v. Fettig*, 176 N.W.2d 523, 525 (N.D. 1970) (citing N.D.C.C. § 28-27-02(5) which provides "an order which involves the merits of an action or some part thereof" is appealable). The first step of the jurisdiction analysis is satisfied.

3

[¶10] Since the order from which this appeal was taken is appealable, the next inquiry is whether N.D.R.Civ.P. 54(b) applies. Rule 54(b), N.D.R.Civ.P., preserves our long-standing policy against piecemeal appeals and states:

> If an action presents more than one claim for relief, whether as a claim, counterclaim, crossclaim, or third-party claim, or if multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

*See Matter of Curtiss A. Hogen Tr. B*, 2018 ND 117, ¶ 10, 911 N.W.2d 305; *see also* N.D.R.Civ.P. 54, Explanatory Note ("A party seeking to appeal must wait until the end of the case, when all claims have been resolved and final judgment has been entered, before filing an appeal.").

[¶11] This Court has adopted a flexible case-by-case approach to determine whether a Rule 54(b) certification is required to confer jurisdiction on this Court. *Gissel v. Kenmare Twp.*, 463 N.W.2d 668, 671 (N.D. 1990). In *In re Guardianship of R.G.*, 2016 ND 96, 879 N.W.2d 416, we considered an appeal from an order appointing a conservator and co-guardians of an incapacitated person. We concluded the appeal was authorized under N.D.C.C. § 28-27-02 without a certification of finality under N.D.R.Civ.P. 54(b) because the court's order settled all existing claims in the petition and did not "necessarily contemplate further proceedings about the appointment." *Id.* at ¶ 13; *cf. Snider v. Dickinson Elks Bldg., LLC*, 2016 ND 162, ¶¶ 11-12, 883 N.W.2d 475 (concluding an order was not appealable without a Rule 54(b) certification where a claim remained unresolved after the order was entered and the court anticipated further proceedings on the unresolved claim).

[¶12] The order entered on July 13, 2020, is appealable without a certification under N.D.R.Civ.P. 54(b). At the time the order was entered, there were no

4

other pending or unadjudicated claims remaining to be resolved by the district court. Moreover, the order was not dependent on potential future proceedings brought by Lutheran Social Services on behalf of S.M.H., the protected person. *See R.G.*, 2016 ND 96, ¶ 13 (speculation of future claims did not affect appealability of an order appointing a guardian and conservator); *In re Estate of Eggl*, 2010 ND 104, ¶ 9, 783 N.W.2d 36 (speculation of future claims did not affect appealability of order interpreting will). The order approving the sale of S.M.H.'s interest in real property and striking K.S.'s affidavit settled all existing claims and did not contemplate further proceedings. As such, we have jurisdiction to consider the July 13, 2020 order because it is a final order and does not require a Rule 54(b) certification.

III

[¶13] K.S. raises procedural challenges to the district court's determination on the validity of the "Warranty Deed" document in its July 13, 2020 order. K.S. argues the court erred because the issue concerning the document's validity had not properly been placed before the court, and the court erred by failing to hold an evidentiary hearing regarding the validity of the document.

[¶14] In its motion seeking the district court's approval of the sale of S.M.H.'s interest in real property, Lutheran Social Services attached as an exhibit to an affidavit the "Warranty Deed" document and argued that the document did not prevent the sale. K.S. opposed the motion arguing the sale did not conform to the terms of the document. Upon filing her brief in opposition to the motion, K.S. did not request an evidentiary hearing.

[¶15] The validity of the "Warranty Deed" document was raised within Lutheran Social Services' motion when Lutheran Social Services asserted the document did not prevent the sale. K.S responded by asserting the terms of the warranty deed were being ignored. We conclude the validity of the document had been placed at issue and was properly before the district court for resolution.

[¶16] Rule 3.2, N.D.R.Ct., applies to all motion practices, unless a conflicting rule governs the matter. *Hageness v. Davis*, 2017 ND 132, ¶ 9, 896 N.W.2d 251.

"Under N.D.R.Ct. 3.2(a)(3), a court may decide routine motions on briefs without holding a formal hearing, unless a party requests one." *Discover Bank v. Bolinske*, 2020 ND 228, ¶ 7, 950 N.W.2d 417 (quoting *Desert Partners IV, L.P. v. Benson*, 2014 ND 192, ¶ 18, 855 N.W.2d 608). "If a party who timely served and filed a brief requests a hearing on a motion, then such a hearing must be held and it is not discretionary with the trial court." *Id.* (quoting *Desert Partners IV, L.P.*, at ¶ 18) (internal quotation marks omitted).

[¶17] Our rules of court, N.D.R.Ct. 3.2, placed the burden of requesting an evidentiary hearing on the parties. K.S. did not request an evidentiary hearing. We conclude the district court did not err by making a determination on whether the document was a valid conveyance without holding an evidentiary hearing.

IV

[¶18] K.S. also raises substantive challenges to the district court's determination that the "Warranty Deed" document was not a valid conveyance of S.M.H.'s interest in the real property to K.S. or a valid grant of a right of first refusal. K.S. asserts the court erred in concluding the document was not a valid conveyance because S.M.H. had not signed the document and the document had not been properly witnessed. K.S. contends the court failed to consider evidence designating her as S.M.H.'s power of attorney, which she claims negated the necessity of S.M.H.'s signature on the document. She also argues the document was a contract that did need not to be witnessed.

[¶19] Under N.D.R.Civ.P. 52(a), a district court's findings of fact will not be set aside unless the findings are clearly erroneous. Our review of a court's findings of fact have been summarized as follows:

> A finding of fact is clearly erroneous under N.D.R.Civ.P. 52(a) if it is not supported by any evidence, if, although there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made, or if the finding is induced by an erroneous conception of the law.

6

*Tornabeni v. Creech*, 2018 ND 204, ¶ 22, 916 N.W.2d 772 (quoting *Pierce v. Anderson*, 2018 ND 131, ¶ 11, 912 N.W.2d 291). The legal conclusion of whether a deed is void is a question of law, fully reviewable on appeal. *Gannaway v. Torres*, 2017 ND 287, ¶ 12, 904 N.W.2d 317.

[¶20] The district court determined the "Warranty Deed" document failed to meet the statutory requirements under N.D.C.C. §§ 47-10-01 and 47-10-05 because the type-written document did not contain S.M.H.'s signature, and neither the handwritten document nor the typed document were properly witnessed. Section 47-10-01, N.D.C.C., reads as follows:

> An estate in real property, other than an estate at will or for a term not exceeding one year, can be transferred only by operation of law or by an instrument in writing, subscribed by the party disposing of the same or by the party's agent thereunto authorized by writing. This does not abridge the power of any court to compel the specific performance of any agreement for the sale of real property in case of part performance thereof.

Section 47-10-05, N.D.C.C., reads as follows:

> The execution of a grant of an estate in real property to entitle the same to be recorded, if it is not acknowledged, must be proved by a subscribing witness or as otherwise provided in sections 47-19-23 and 47-19-24. The absence of the seal of any grantor or grantor's agent from any grant of an estate made in real property shall not invalidate or in any manner impair the same.

[¶21] K.S. argues the district court's finding that the document lacked S.M.H.'s signature was erroneous based on her purported designation as S.M.H.'s power of attorney which granted her authority to sign on behalf of S.M.H. However, K.S. failed to make this argument in her principle briefings to the court. The power of attorney exhibit was attached to K.S.'s objection to the proposed order. The power of attorney exhibit was not provided to the court or to Lutheran Social Services during the briefing on the motion to approve the sale of the real property, was not subject to cross-examination, and was not properly placed before the court as evidence.

7

[¶22] Our rules do not permit the informal procedure used by K.S. to supplement the record and introduce new issues and evidence after the parties have rested. *See e.g. Larson v. Larson*, 1998 ND 156, ¶¶ 14-15, 582 N.W.2d 657. The proper procedure would have been to request an evidentiary hearing. As provided in Section III above, K.S. did not make a request for an evidentiary hearing to introduce the additional evidence. Submitting new evidence in this manner denied Lutheran Social Services a full opportunity to challenge the evidence through cross-examination and rebuttal witnesses in open court. As such, the district court did not err by failing to find K.S. was designated as power of attorney, and we do not consider the exhibit on appeal.

[¶23] Based on our review of the record, the district court did not clearly err in finding the document lacks S.M.H.'s signature. In order to be an effective transfer of an interest in real property under N.D.C.C. § 47-10-01, the document was required to be signed by S.M.H. or S.M.H.'s authorized agent. We conclude the document fails to meet the statutory requirements under N.D.C.C. § 47-10-01 necessary to convey S.M.H.'s interest in the real property or create an enforceable right of first refusal by K.S. Having concluded the document lacked the required signature of S.M.H., it is unnecessary to reach the issue of whether the document was properly witnessed under N.D.C.C. § 47-10-05. We affirm the court's finding of fact the document lacked S.M.H.'s signature and the subsequent conclusion of law the document was not a valid conveyance of S.M.H.'s interest in the real property.

V

[¶24] K.S. argues the district court erred striking her affidavit from the record. Under N.D.R.Civ.P. 12(f), the district court has discretion, either upon a motion by a party or on its own, to strike an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter in a pleading. *See Dangerfield v. Markel*, 222 N.W.2d 373, 376-77 (N.D. 1974). A court's decision to strike under Rule 12(f), N.D.R.Civ.P., is reviewed for an abuse of discretion. *Collection Ctr., Inc. v. Bydal*, 2011 ND 63, ¶ 29, 795 N.W.2d 667. "A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational

8

mental process leading to a reasoned determination." *Id.* (quoting *In re Estate of Loomer*, 2010 ND 93, ¶ 20, 782 N.W.2d 648) (quotation marks omitted).

[¶25] The district court found K.S.'s affidavit contained redundant, impertinent, and scandalous allegations against Lutheran Social Services. Additionally, the court determined the affidavit was immaterial because it was not submitted in response to or in support of a pending motion. Under our standard of review, we conclude the district court did not abuse its discretion in striking K.S.'s affidavit from the record. The court's findings are supported by the record, and it did not act in an arbitrary, unconscionable, or unreasonable manner in making its decision.

## VI

[¶26] K.S. argues the district court erred in granting a recovery of reasonable attorney's fees incurred by Lutheran Social Services in responding to K.S.'s affidavit. Specifically, she argues her affidavit was not frivolous, and Lutheran Social Services unnecessarily incurred its own fees by filing the motion to approve the sale of S.M.H.'s interest in real property. A court's decision to award attorney's fees is within the district court's discretion and will only be disturbed on appeal if the district court abuses its discretion. *Johnson v. Menard, Inc.*, 2021 ND 19, ¶ 20, 955 N.W.2d 27.

[¶27] Under N.D.C.C. § 28-26-01(2), a court is authorized to award attorney's fees in a civil action upon finding a claim for relief was frivolous. *Orwig v. Orwig*, 2021 ND 33, ¶ 47, 955 N.W.2d 34. "A claim for relief is frivolous for purposes of N.D.C.C. § 28-26-01(2) if there is such a complete absence of facts or law a reasonable person could not have expected a court would render a judgment in that person's favor." *Id.* (quoting *N.D. Private Investigative & Sec. Bd. v. TigerSwan*, LLC, 2019 ND 219, ¶ 20, 932 N.W.2d 756) (quotation marks omitted).

[¶28] Section 28-26-31, N.D.C.C., also authorizes a court to award attorney's fees for "[a]llegations and denials in any pleadings in court, made without reasonable cause and not in good faith, and found to be untrue." While a court's award of attorney's fees and costs under N.D.C.C. § 28-26-31 is discretionary,

9

the court's exercise of that discretion must be based on evidence that the pleadings were made without reasonable cause and not in good faith, and are found to be untrue. *Strand v. Cass Cty.*, 2008 ND 149, ¶ 14, 753 N.W.2d 872.

[¶29] The district court ordered K.S. to pay Lutheran Social Services' attorney's fees upon finding K.S.'s affidavit was frivolous and was not filed in good faith or reasonable cause. In her affidavit, filed on May 13, 2020, K.S. alleged Lutheran Social Services was failing to uphold its fiduciary duties owed to S.M.H. The court determined these allegations were untrue. Less than two months before K.S. submitted her affidavit, in an order entered on March 25, 2020, the court found Lutheran Social Services was fulfilling its fiduciary duties and acting in a reasonable and prudent manner in managing S.M.H.'s estate. The court determined the filing of K.S.'s affidavit was an attempt by K.S. to further frustrate Lutheran Social Services' efforts to sell S.M.H.'s interest in real property for S.M.H.'s benefit.

[¶30] Under our standard of review, we conclude the district court did not abuse its discretion in ordering K.S. to pay Lutheran Social Services' attorney's fees. The court's findings are supported by the record, and it did not act in an arbitrary, unconscionable, or unreasonable manner in making its decision.

## VII

[¶31] We conclude we have jurisdiction over this appeal; the "Warranty Deed" document fails to meet the statutory requirements of N.D.C.C. § 47-10-01; the district court did not err in striking K.S.'s affidavit; and the court did not err by ordering K.S. to pay Lutheran Social Services' attorney's fees. We affirm the order of the district court.

[¶32] Jon J. Jensen, C.J.
     Gerald W. VandeWalle
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte