# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 180

| | |
|---|---|
| Kathy Schmidt, | Plaintiff and Appellant |
| v. | |
| Margaret Hageness; Patrick Hageness; | |
| Patricia Slaubaugh; Bonnie Strand; | |
| Elaine Hornaday; and any unknown parties, | Defendants |
| and | |
| Lutheran Social Services (LSS); | |
| Guardian of Shirley M. Hageness; | |
| Scott Landa Lutheran Social Services; | |
| Eryn Jager Lutheran Social Services; | |
| Diane Osland Lutheran Social Services, | Defendants and Appellees |

## No. 20220138

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Robin A. Schmidt, Judge.

AFFIRMED.

Per Curiam.

Kathy Schmidt, Gilbert, AZ, self-represented, plaintiff and appellant.

Scott J. Landa, Grand Forks, ND, for defendants and appellees Lutheran Social Services as Guardian for S.M.H.; Eryn Jager and Diane Osland.

Lawrence E. King, Bismarck, ND, for defendant and appellee Scott J. Landa.

**Per Curiam.**

[¶1]   Kathy Schmidt appeals from a district court order dismissing her quiet title complaint based on lack of standing and res judicata. She argues the district court erred by rejecting a document labeled "warranty deed" as evidence of title. The same "warranty deed" was offered in *Schmidt v. Hageness,* 2022 ND 179 *(Schmidt I),* to support a quiet title in a different county. In that case we affirmed dismissal of Schmidt's complaint based on standing and res judicata because invalidity of the proffered deed was adjudicated in *Matter of the Guardianship and Conservatorship of S.M.H.*, 2021 ND 104, 960 N.W.2d 811. In *S.M.H.*, at ¶ 23, we affirmed that the "warranty deed" relied on in both *Schmidt* complaints did not meet the requirements of N.D.C.C. §§ 47-10-01 and 47-10-05; therefore, she did not have a valid property interest and could not bring a quiet title action under N.D.C.C. § 32-17-01. For the reasons in *Schmidt I,* we summarily affirm here under N.D.R.App.P. 35.1(a)(7).

[¶2]   Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
David W. Nelson, S.J.

[¶3]   The Honorable David W. Nelson, S.J., sitting in place of VandeWalle, J., disqualified.