# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 223

Kathy Schmidt,                                              Plaintiff and Appellant

v.

Margaret Hageness, Patrick Hageness;

Patricia Slaubaugh, Bonnie Strand,

Elaine Hornaday,                                                        Defendants

and

Lutheran Social Services (LSS),

Guardian of Shirley M. Hageness,

Scott Landa Lutheran Social Services,

Eryn Jager Lutheran Social Services,

Diane Osland Lutheran Social Services

and any and unknown parties,                    Defendants and Appellees

## No. 20220219

Appeal from the District Court of Pierce County, Northeast Judicial District, the Honorable Anthony S. Benson, Judge.

AFFIRMED.

Per Curiam.

Kathy Schmidt, Gilbert, AZ, self-represented, plaintiff and appellant; submitted on brief.

Scott J. Landa, Grand Forks, ND, for defendants and appellees Lutheran Social Services as Guardian for S.M.H.; Eryn Jager and Diane Osland; submitted on brief.

Lawrence E. King, Bismarck, ND, for defendant and appellee Scott J. Landa; submitted on brief.

# Schmidt v. Hageness
## No. 20220219

**Per Curiam.**

[¶1]   Kathy Schmidt appeals from a district court order dismissing her quiet title complaint based on lack of standing and res judicata. She argues the district court erred by rejecting a document labeled "warranty deed" as evidence of title. The same "warranty deed" was offered in *Schmidt v. Hageness,* 2022 ND 179 *(Schmidt I)* and *Schmidt v. Hageness,* 2022 ND 180 (*Schmidt II)* to support a quiet title in different counties. In both cases we affirmed dismissal of Schmidt's complaint based on standing and res judicata because invalidity of the proffered deed was adjudicated in *Matter of the Guardianship and Conservatorship of S.M.H.*, 2021 ND 104, 960 N.W.2d 811. In *S.M.H.*, we affirmed that the "warranty deed" relied on in both *Schmidt* complaints did not meet the requirements of N.D.C.C. §§ 47-10-01 and 47-10-05; therefore, she did not have a valid property interest and could not bring a quiet title action under N.D.C.C. § 32-17-01. 2021 ND 104, ¶ 23. For the reasons stated in *Schmidt I* and *Schmidt II,* we summarily affirm under N.D.R.App.P. 35.1(a)(7).

[¶2] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
David W. Nelson, S.J.


[¶3]   The Honorable David W. Nelson, S.J., sitting in place of VandeWalle, J., disqualified.